Carroll v. Carroll.

---

NELLIE E. CARROLL, Respondent, v. JOHN B. CARROLL, Appellant.

St. Louis Court of Appeals, December 22, 1896.

Divorce: ALIMONY PENDENTE LITE: PLEADINGS: ISSUE: BURDEN OF PROOF. On a motion for temporary alimony in a suit for divorce, where defendant in his answer admits that the marriage relation once existed between him and plaintiff, but pleads in bar that prior to the institution of plaintiff's suit the marriage was dissolved by the judgment of a court of competent jurisdiction, to which plaintiff replies, denying that any such suit was ever instituted, or if it was that the court had any jurisdiction thereof, the truth of the allegation of the answer is thus made an issue to be tried, and the burden of proving it is on defendant, and until he does prove it, which can not be done until the cause is tried on its merits, alimony *pendente lite* will be awarded plaintiff.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED.

*E. C. Miles* and *Charles B. Stark* for appellant.

Alimony is a right which results from the marital relation, and the fact of marriage between the parties must be admitted or proved before there can be a decree granted. *Vreeland v. Vreeland*, 18 N. J. Eq. 43; Brown on Divorce, 260; *Smith v. Smith*, 61 Iowa, 138; *McFarland v. McFarland, Id.* 565; *Wilson v. Wilson*, 49 *Id.* 544; *Becker v. Becker*, 15 Ill. App. (Brad. 247).

The judgment for alimony is bad, neither it nor the motion on which it is based containing any allegation or finding that there was any marriage subsisting between the parties at the time of its rendition. *Becker v. Becker*, 15 Ill. App. (Brad. 247); *State ex rel. Gercke v. Seddon*, 93 Mo. 520; *Adams v. Adams*, 49 Mo. App. 592.

*Harry M. Hill* for respondent.

The denial of jurisdiction by the court granting defendant a decree of divorce, having been properly raised by plaintiff in her reply to defendant's answer setting forth such decree, makes an issue on the merits of the case, and the court was correct in excluding testimony upon that issue, on hearing of the motion for alimony. *Wyeth Hardware Co. v. Lang & Co.*, 54 Mo. App. 147; *Kinkaid v. State*, 52 *Id.* 565; *Eager v. Stover*, 59 Mo. 87.

The merits of the case have nothing to do with the power of trial court to allow testimony. *Gercke v. Seddon*, 93 Mo. 520.

BIGGS, J.—This is an appeal from an allowance of alimony *pendente lite*. The petition of divorce alleged

the marriage of plaintiff and defendant in September, 1888, and their separation in June, 1894.   The ground of divorce was adultery on the part of the defendant.

The defendant in his answer admitted the marriage as alleged and also the separation, but he denied that the plaintiff had any grounds for divorce.   As a bar to her action he set forth that shortly after the separation he became a resident of the territory of Oklahoma; that thereafter he filed in the district court of Noble county in said territory a suit for divorce against the plaintiff herein, praying for a dissolution of the marriage according to the laws of that territory; that notice of the institution of the suit was duly served upon the plaintiff herein; that she made default, and that thereafter a decree dissolving the marriage was entered in said case.   The answer contains a copy of the decree, which need not be set forth.   The alleged decree was entered on the sixth day of May, 1896. The present suit was begun on the twenty-fourth day of July, 1895.

The plaintiff in her replication denied any knowledge of the institution of the suit against her, and she averred that if any such suit had been brought that the decree therein was void, for the reasons that the Oklahoma court had no jurisdiction either of the subject-matter of the action or of the person of the plaintiff herein.

The only defense offered by the defendant to the plaintiff's motion for alimony, was the decree which he had obtained in his suit for divorce in the district court of Oklahoma.   He offered to read in evidence certified copies of the entire proceedings therein, which upon plaintiff's objection were excluded by the circuit court.   The correctness of that ruling is the only question for discussion.

Carroll v. Carroll.

The defendant in his answer admits that at one time the marriage relation existed between him and the plaintiff, but his plea in bar is that prior to the institution of the plaintiff's suit against him the marriage was legally dissolved by the judgment of a court of competent jurisdiction. The plaintiff in her replication denied that any such suit was instituted, or if it was, that the decree therein was fraudulently obtained, in that the defendant did not at any time become a resident of the territory of Oklahoma, and that by reason of this the court entering the decree had no jurisdiction of the subject-matter of the action, and further that it acquired no jurisdiction of the person of the plaintiff herein. Thus the truth of the allegation in defendant's answer is made one of the issues to be tried, and the burden of proving it is on the defendant, and alimony *pendente lite* will be awarded to the plaintiff until he does prove it. This he can not do until the case is tried on its merits. *Smith v. Smith*, 1 Edwards, Chancery, 255. To allow him to show it in defense to the plaintiff's motion for temporary alimony would be unjust, for the object of the allowance is to furnish plaintiff with money to procure the evidence necessary to show that the matters set forth in the defendant's plea are unfounded. However, it would be just to the defendant for the circuit court to advance the case on the calendar and not compel him to support the plaintiff for an indefinite length of time or until the case is reached in its regular order.

The doctrine of the cases cited and relied on by defendant's counsel applies only where the husband *denies that the marriage relation ever existed*. In such cases temporary alimony will be denied unless the wife produces satisfactory proof of the marriage. If the

*Margin note: Alimony pendente lite: pleadings: issue: onus.*

law were otherwise a man would have no protection against an adventuress. The distinction between that class of cases and the one we are here considering is obvious.

Some errors were committed in the admission of evidence, to which no allusion need be made. They were mere accidents of the trial and are not likely to occur on a retrial. It may be well to call attention to the well settled rule that private conversations or communications between husband and wife can never be shown for any purpose.

The judgment of the circuit court will be affirmed. All concur.