INA M. COPE, Respondent, v. ROBERT F. COPE, Appellant.

**Kansas City Court of Appeals, November 23, 1903.**

1. **DIVORCE: Marriage: Evidence: Alimony.** The pleadings and evidence relating to the fact of marriage are held sufficient to justify the court in rendering a decree for alimony *pendente lite.*

2. ———: **Petition: Habitual Drunkard: Condonation.** If the offense of habitual drunkenness become once distinct and complete, the wife could maintain her action for divorce; and if the offense is continued the cause of action is continued and there is no condonation; but if the wife continues the marital relation after the offense was once completed and ceased, she thereby condones it and nullifies her right to divorce.

3. ———: **Pleading: Appellate Practice.** Where a case is before the appellate court not for final determination on the merits,

Cope v. Cope.

and in the course of a future trial the pleadings may be amended so as to protect the rights of the parties, the appellate court is not authorized to anticipate beforehand the rights of the parties by a strict construction of the pleadings and so deprive them of a hearing.

4. ———: **Alimony: Void Judgment.** Where a decree for alimony *pendente lite* is for a sum on demand if necessary, it is void because there is no one to determine when it is necessary.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Hewitt & Blair* for appellant.

(1) It is not allowable to decree alimony *pendente lite* before the marriage has been proved. Wagner v. Wagner, 6 Mo. App. 1. c. 572; Brown on Divorce, 260; Wilson v. Wilson, 49 Iowa 546; York v. York, 34 Iowa 530; 2 Am. and Eng. Ency. of Law (2 Ed.), page 103. Bishop on Marriage and Divorce, 570. (2) There must be a showing of probable cause for divorce before alimony is allowed. Isbell v. Weiss, 60 Mo. App. 56; McLoskey v. McLoskey, 68 Mo. App. 204; 2 Am. and Eng. Ency. of Law (2 Ed.), page 101. (3) Separation must appear before alimony is allowed. Harper v. Harper, 29 Mo. 302, et seq.; 2 Am. and Eng. Ency. of Law (2 Ed.), page 105.

*Kendall B. Randolph* and *Frank Costello* for respondent.

(1) The petition is sufficient. It states two sufficient grounds for divorce: (a) Indignities; (b) Habitual drunkenness for the space of one year. Indignities are a species of cruelty, not necessarily to the body, but to the mind. Goodman v. Goodman, 80 Mo. App. 274. It is the husband's duty to treat his wife with kindness and affection; support alone is not sufficient. Tripp v. Tripp,

'78 Mo. App. 413; McCann v. McCann, 91 Mo. App. 1; Lynch v. Lynch, 87 Mo. App. 32; Glenn v. Glenn, 87 Mo. App. 377; Moore v. Moore, 41 Mo. App. 176. Permitting ill use from others toward the wife is the act of the husband. Spengler v. Spengler, 38 Mo. App. 266. (2) The statutes of Missouri, 1899 (section 2926), provides for alimony pending the suit. Rosenfield v. Rosenfield, 63 Mo. App. 411; Penningroth v. Penningroth, 71 Mo. App. 438; Woodward v. Woodward, 84 Mo. App. 328; Adams v. Adams, 49 Mo. App. 592.

BROADDUS, J.—This appeal is from a judgment allowing the plaintiff alimony *pendente lite*. The objections against the decree for alimony are: It was not shown that the parties were married; that the petition did not show probable cause for divorce; and that the same does not state a cause of action. The plaintiff before answer of defendant admitting the marriage filed her motion for alimony. Upon this motion the court heard the testimony of plaintiff and another witness. The plaintiff was asked: ''What is your husband's name?'' and she answered: ''Robert F. Cope.'' The defendant did not testify. Admitting that it was necessary to prove the marriage, we think the testimony of the wife, the allegations of the petition, and the silence of the husband when called upon for alimony, were sufficient to justify the court in rendering the decree.

The last two objections are to the sufficiency of the petition.

The petition after stating the marriage of plaintiff and defendant on the 25th day of September, 1899, the birth of two children, and their residence upon a farm, the common property of defendant and a maiden sister, Mary Cope, alleges many indignities, some of which are inconsequential. However, she alleges that in July, 1900, defendant being the owner of an undivided half of the farm upon which they resided, by representation falsely made that he had sold his half-interest therein to

his said sister, Mary Cope, induced her to join in a conveyance to said Mary, when in fact no money was paid to him for his interest in said land, but that the conveyance was so made by agreement between defendant and his sister for the purpose of defrauding plaintiff, and as a means of compelling a separation between plaintiff and defendant; that defendant has allowed said Mary Cope to assume control of her eldest child, Helen, against her consent, and at one time to take said child by force from plaintiff's possession; and that said Mary Cope constantly by words and actions annoyed plaintiff, and at all times sought to drive her from her home, and that defendant when appealed to for protection has refused her such protection, and has refused her a separate room in their common home, so that she might be free from annoyance by said Mary Cope.  Furthermore, she alleges that during the first year of their married life defendant was an habitual drunkard; that in November, 1900, he took the Keeley cure for drunkenness, since which time, however, ''he has begun to drink regularly again, and has continued to be intoxicated at frequent intervals for more than one year before the separation.''

But it is insisted by defendant that the charge of habitual drunkenness for one year, as it occurred during the first year of the marriage, was condoned by plaintiff as she lived with him as his wife for two years thereafter before the separation.  ''If the offense of habitual drunkenness become once distinct and complete though it then ceased, the wife could maintain her action for divorce; but if she voluntarily continued the marital relation after the offense was thus complete, she would thereby condone it and nullify her right to divorce. If the husband continues to be an habitual drunkard the offense is continuous and the wife may break off at any time and establish her right to divorce.''  Moore v. Moore, 41 Mo. App. 176.  If the husband after having been an habitual drunkard for a year had continued as

such there would have been no condonation.   Moore v. Moore, supra.

But it is not alleged in this case that defendant afterwards became an habitual drunkard but that he became intoxicated only at frequent intervals.   But the case is not here for final determination.   The plaintiff in the course of the trial may be permitted to amend her petition and show that she did not condone the offense; and we are not authorized beforehand to anticipate her rights as a litigant, and by strict construction of her petition deprive her of the benefit of a hearing.   That part of the decree which adjudges that defendant pay $50 "on demand if necessary" for plaintiff's benefit, is void because no one is authorized to say when such payment will become necessary.   The judge alone could have determined that question when the judgment was rendered.   It was incomplete and binds nobody.   Otherwise, the judgment is affirmed.   All concur.