## THE STATE v. PALLAS WEBER, Appellant.

### Division Two, December 4, 1917.

1. **CONTINUANCE: Due Diligence.** The showing of due diligence on the part of the applicant bears an important. part in determining his right to a continuance. Where defendant, after he had learned that a notary public in a near-by State, employed by him for the purpose, had refused to take the deposition of an absent witness, still had ten days before the day already set for the trial in which to take the deposition and made no further attempt to take it, the court did not abuse its discretion in refusing a continuance.

2. **AGE OF PROSECUTRIX: Contradictory Evidence by Her: Party to Action.** The prosecutrix testified that at the time of the trial, which occurred April 10, 1917, she was sixteen years of age, and that the act of sexual intercourse occurred February 10, 1916. On cross-examination she testified that she was born on July 9, 1901, and that she was fifteen years old in 1915. *Held,* that, her testimony being contradictory on the issue of whether she was between the age of fifteen and eighteen years at the time the act was committed, the question of her age was for the jury. The rule, that where one of the parties to the suit testifies to facts against interest he is bound by such admissions unless avoided by contrary satisfactory evidence given by himself, has no application to the conflicting testimony of a witness not a party to the suit, and consequently no application to the said testimony of prosecutrix.

3. **EVIDENCE: Statutory Rape: Inference from Witness's Refusal to Criminate Himself.** No inference of the existence of the incriminating fact is permitted to be drawn from the witness's claim of his constitutional right to refuse to answer, and therefore the witness's claim of the privilege is not a proper matter of evidence

for the jury's consideration. Where Waddle was absent from the State at the date of defendant's trial for statutory rape of a girl between the ages of fifteen and eighteen years and of previous chaste character, it was not error to exclude the testimony of the justice of the peace to the effect that at the preliminary hearing said Waddle was a witness and on being asked if he had had sexual intercourse with prosecutrix he refused to answer on the ground that his answer would incriminate him.

4. ———: ———: Chaste Character: Prior Acts of Sexual Intercourse. In a prosecution of a defendant for carnal knowledge of a girl between the ages of fifteen and eighteen years and of previous chaste character, testimony of prior acts of sexual intercourse with other men is proper, but subsequent acts with them are not material on the question of her previous chaste character or of defendant's guilt.

Appeal from Christian Circuit Court.—*Hon. Fred Stewart,* Judge.

AFFIRMED.

*Barrett & Moore* for appellant.

(1) The court should have sustained the demurrer filed at the close of the State's evidence and at the close of all the evidence. State v. Daubert, 42 Mo. 242; State v. Warner, 74 Mo. 83; State v. Bass, 251 Mo. 107. The evidence conclusively shows that when the injured party first had sexual intercourse with defendant, if at all, she was not of previous chaste character and not between the ages of fifteen and eighteen years. R. S. 1909, sec. 4472; State v. Arnold, 267 Mo. 33; State v. Chenk, 238 Mo. 429; State v. Henderson, 243 Mo. 509. (2) Defendant should have been allowed to prove what the witness Lawrence Waddle testified to in the preliminary examination as such witness testified before the examining magistrate, and was out of the jurisdiction of the circuit court at the time of trial. State v. Able, 65 Mo. 367; State v. Eastham, 240 Mo. 241; State v. Butler, 247 Mo. 693. (3) Under the showing made, the court should have sustained defendant's application for continuance and in overruling same the discre-

tion granted trial courts was used to the prejudice of this defendant. State v. Hesterly, 182 Mo. 16; State v. Lewis, 74 Mo. 222; State v. Dewitt, 152 Mo. 76; R. S. 1909, secs. 5203, 5204. (3) The court erred in sustaining the objection to the question asked witness, as to whether she had ever had intercourse with any other man except Weber as such question was to ascertain as to her previous chaste character, which is one of the elements of the offense charged that the State must establish beyond a reasonable doubt. State v. Wheeler, 94 Mo. 252; State v. Patterson, 88 Mo. 88.

*Frank W. McAllister,* Attorney-General, and *Shrader P. Howell,* Assistant Attorney-General, for the State.

(1) An application for continuance is addressed to the sound discretion of the court, with the exercise of which an appellate court will not interfere unless it clearly appears that such discretion has been abused to the prejudice of appellant. State v. Sassaman, 214 Mo. 735; State v. Cummins, 189 Mo. 640; State v. Cain, 247 Mo. 704; State v. Richardson, 194 Mo. 240. (2) The action of the court in refusing to admit the testimony of Z. Acuff as to certain answers made by the absent witness, Waddle, at the preliminary hearing, was proper under the circumstances in this case. State v. Riddle, 179 Mo. 297; State v. Butler, 247 Mo. 685. Furthermore, acts of unchastity after the commission of the offense charged are inadmissible. State v. Knock, 142 Mo. 515; State v. Day, 188 Mo. 359; State v. Perrigin, 258 Mo. 233. (3) The prosecutrix is competent to testify as to her own age, subject to cross-examination. State v. Marshall, 137 Mo. 466; State v. Evans, 138 Mo. 121; State v. Congat, 121 Mo. 463.

WILLIAMS, J.—Upon an information charging him with the crime of statutory rape upon an unmarried female of previous chaste character between the ages of fifteen and eighteen years, defendant was tried in the circuit court of Christian County, found guilty, and

his punishment assessed at two years in the penitentiary. Defendant duly appealed.

Evidence upon the part of the State tends to establish the following facts:

The prosecutrix, then living with her parents near Ozark, Missouri, began keeping company with the. defendant in November, 1915. The first act of sexual in-intercourse occurred about February 10, 1916; prior to this act the defendant told the prosecutrix that he was twenty years old.

The trial of this case was held April 10, 1917. Upon the examination in chief of the prosecutrix the following occurred:

"Q. How old are you? A. Sixteen."

Upon cross-examination of the prosecutrix the following occurred:

"Q. What year were you born? A. 1901.

"Q. What day and month? A. July 9th.

"Q. 1901? A. 1901.

"Q. In the year 1915 how old were you? A. Fifteen years old.

"Q. Fifteen years old in the year of 1915? A. Yes, sir."

Prosecutrix gave birth to a child January 2, 1917, and she testified that the defendant was its father.

Some time after the preliminary hearing prosecutrix had a conversation with the defendant, in which the defendant in substance said that prosecutrix could clear him if she wanted to; that she could "get up there and not say anything;" and that if she did not clear him he would go to the penitentiary. Defendant also told prosecutrix that the reason he could not take the prosecutrix as his wife was because he was not able; but he promised to help support the child.

There was evidence tending to show that the reputation of prosecutrix with reference to chastity and virtue prior to February 10, 1916, was good.

The defendant's evidence was substantially as follows:

Defendant testifying in his own behalf stated that in the conversation mentioned as occurring between him and the prosecutrix the prosecutrix said "that she did not lay the blame altogether on me, and I asked her who, and she said Waddle, and that Waddle was the father of the child." He did not testify as to whether he had or had not had sexual intercourse with the prosecutrix.

The defendant offered as a witness Z. Acuff, justice of the peace, and offered to prove by him that at the preliminary hearing, held before the witness, one Lawrence Waddle (then a witness at the preliminary hearing, but who at the time of this trial was out of the State) was asked whether or not, prior to February 10, 1916, he had had sexual intercourse with the prosecutrix, and that said witness refused to answer on the ground that it would incriminate him. This offer was excluded by the court.

One of defendant's witnesses testified that one evening, in the winter of 1915, the prosecutrix was visiting at the home of a girl in the neighborhood. The witness and Waddle called to see the young ladies—Waddle calling to see the prosecutrix; that about ten o'clock at night the Waddle boy and the prosecutrix went outside the house and remained about thirty minutes. The witness remained in the house, but said he could hear knocking outside of the house, "like a couple of horses out in the barn kicking, but it was at the side of the wall," and that he thought the noise was made by Waddle and the prosecutrix.

I. Appellant contends that the court erred in overruling his application for a continuance. The record discloses that on the day the case was first set for trial, to-wit, on February 27, 1917, defendant filed an application for a continuance on the ground that a material witness, one Lawrence Waddle, had recently left the State and was then in Oklahoma. The court denied the application for a continuance, but of its own motion continued and

Continuance.

reset the cause for trial on April 10, 1917. On this latter date defendant again filed a motion for a continuance, alleging as a ground the absence of this same witness. In his second motion defendant alleged that on March 27, 1917, he located witness Waddle at Sand Springs, Oklahoma, and on said date sent proper commission and interrogatories to a notary public in Oklahoma for the purpose of taking the deposition of said witness on April 3, 1917; that on the 29th day of March, 1917, the officer who had been thus commissioned, arbitrarily returned said papers to the defendant's attorney and refused to act in the premises, the returned papers having been received by defendant on the 30th or 31st of March, 1917. The application asked that the cause be continued so that further time might be had in which to take the deposition of the absent witness. The court overruled the motion and the cause proceeded to trial.

The court did not commit error in overruling the application. From the showing made it appears that defendant, after he learned the Oklahoma notary would not act in the matter, had yet remaining, before the trial, ten days in which to make further effort to secure the deposition, but it does not appear that any further attempt was made until the morning the case was called for trial. The showing of due diligence upon the part of the applicant bears a very important part in determining his rights to a continuance. The showing made was very unsatisfactory in this regard, and we are of the opinion that the court was acting within the scope of a sound discretion in refusing the continuance. [State v. Cain, 247 Mo. 700, l. c. 705.]

II. The main contention made by appellant as ground for reversal is that the court erred in overruling his demurrer to the evidence offered at the close of the case. In this behalf it is urged that there is not sufficient evidence to authorize the jury to find that at the time of the occurrence of the alleged carnal act on Feb-

Sufficiency
of Evidence.

ruary 10, 1916, the prosecutrix was between fifteen and eighteen years of age as required by the statute upon which the information was based. Appellant contends that the evidence shows that at the time above mentioned the prosecutrix was under fifteen years of age and that therefore defendant could not be found guilty of the crime of which he stood charged.

The only witness giving any testimony on the point was the prosecutrix. Upon her examination in chief she testified that she was sixteen years of age. On cross-examination she testified she was born on July 9, 1901. On further cross-examination she said that she was fifteen years old in 1915. From this it appears that the testimony of the witness is contradictory. If she were born July 9, 1901, she was under fifteen years of age on February 10, 1916; if on the other hand, she was fifteen years old in 1915 then she was between the age of fifteen and eighteen years on the date of the alleged carnal act.

Under such circumstances the question of her age was properly submitted to the jury. [State v. Marshall, 137 Mo. 463, l. c. 468.]

The rule, that where one of the *parties* to the suit testifies to facts against interest, he is bound by such admissions unless avoided by contrary evidence given by himself, satisfactory explanation for the conflict in testimony having been given (which rule was fully discussed and applied in the recent case of Steele v. Railroad, 265 Mo. 97), has, as was specifically stated in that case, no application to the conflicting testimony of a witness not a party to the suit.

In that case it was said: "We need not reiterate that as to a mere witness no state of facts could ordinarily arise upon any matter of contradictory evidence, that would oust the triers of fact of their privilege in a law suit of resolving the truth of such contradiction." [Id., l. c. 118.]

III. It is contended that the court erred in excluding the former testimony of one Lawrence Waddle

272 Mo.—31

State v. Weber.

Inference
from Witness's
Refusal to
Incriminate
Himself.

given at the preliminary hearing in this case held before Z. Acuff, a justice of the peace. A showing was made that said Waddle was at the date of the present trial absent from the State. After such showing defendant placed the justice upon the stand and offered to prove by him that at the preliminary hearing in this case said Waddle was sworn as a witness and was asked the following question: ''Did you prior to the 10th day of February, 1916, have sexual intercourse with the prosecuting witness? (naming the prosecutrix herein),'' and that in response to this question the witness claimed his constitutional right and refused to answer the question.

The above offer was refused and the defendant saved an exception. We are of the opinion that the court's action in this matter was free from error.

It has now become well settled by the great weight of authority that no inference of the existence of the incriminating fact is permitted to be drawn from the witness's claim of privilege and that therefore the witness's claim of privilege is not a proper matter of evidence for the jury's consideration. [3 Wigmore on Evidence, par. 2272, pp. 3146-3147; 1 Greenleaf on Evidence (16 Ed.), par. 469 (d), p. 615; Phelin v. Kenderdine, 20 Pa. St. 354, l. c. 363; Beach v. U. S., 46 Fed. 754; People v. Maunausau, 60 Mich. 15; Waer v. Waer, 90 Atl. (N. J. Ch.) 1039; Loewenherz v. Merchants & Mechanics Bank of Columbus, 144 Ga. 556; Masterson v. Transit Co., 204 Mo. 507, l. c. 524; Garrett v. Transit Co., 219 Mo. 65.] To the writer's mind the best announced reason for the rule is found stated in an early case by the Supreme Court of Pennsylvania as follows:

''When a witness declines answering a question, upon the ground of its tendency to criminate himself, the objection is addressed to the court and the decision upon it is to be made by the court, and not by the jury. If the privilege claimed by the witness be allowed, the matter is at an end. The claim of privilege and its allowance is properly no part of the evidence submitted to

the jury, and no inferences whatever can be legitimately drawn by them from the legal assertion by the witness of his constitutional right. The allowance of the privilege would be mockery of justice, if either party is to be affected injuriously by it. The exercise of this right by the witness is not under the control of the parties, and no one can be affected by evidence which his adversary fails to produce, and which, therefore, cannot be met or explained by cross-examination, rebutting evidence, or otherwise." [Phelin v. Kenderdine, supra, l. c. 363.]

IV. Appellant contends that the court erred in sustaining an objection to a question propounded to the prosecutrix on cross-examination, as **Prior Unchaste Acts.** to whether or not she had ever had sexual intercourse with any other man; that the question was proper on the issue as to the previous chaste character of the prosecutrix.

The question did not fix the time as being prior to the alleged sexual intercourse between defendant and the prosecutrix, and the trial court gave as a reason for sustaining the objection that it did not so fix the time. No further attempt was made by defendant to reframe the question in that regard. The showing of *prior* acts of sexual intercourse between prosecutrix and another would be proper on the issue of previous chaste character, but subsequent acts would not be material in that regard. [State v. Perrigin, 258 Mo. 233, l. c. 238.]

V. There was sufficient evidence to sustain the verdict. Other assignments of errors made are either embraced in the ones above discussed or are not of sufficient importance to merit discussion.

The judgment is affirmed. All concur.