**Celeste FRANKLIN (Plaintiff), Respondent,**

**v.**

**Odell FRANKLIN (Defendant), Appellant.**
**No. 29003.**

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1954.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 14, 1955.

Frank Mashak, St. Louis, for appellant.

Sanford E. Wool, St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal by Odell Franklin from an order of the Circuit Court of the City of St. Louis allowing his wife Celeste the sum of $10 per week alimony pendente lite and an attorney's fee of $150.

On May 6, 1953 Celeste Franklin filed her petition for divorce alleging that she was lawfully married to Odell Franklin at Charleston, Missouri on April 6, 1929 and that she continued to live with him as his wife until September 19, 1952. After service of process the husband filed interroga-

tories to plaintiff by which inquiry was made concerning plaintiff's previous marriage to one Ivory Shelly and asking for the time when and the place where she was divorced from Shelly. Plaintiff filed a motion to dismiss the interrogatories alleging that she did not have available the answers to the questions and that their answer would require an unduly burdensome investigation which would require additional time, but if the court deemed the interrogatories to be proper she moved for additional time to answer. The motion was heard and the then-presiding circuit judge ordered plaintiff to answer the interrogatories by June 22, 1953 or her cause of action would be dismissed. On June 23, 1953 plaintiff filed an "answer" to the interrogatories in which she stated that on advice of counsel she refused to answer on the ground that the answers might tend to incriminate her. On the same date defendant filed his answer to the petition, in which he admitted nothing except the residence of plaintiff and the fact that no children were born of the "cohabitation," and denied every other allegation. He also filed a cross-bill for divorce in which he alleged that on April 6, 1929 a marriage ceremony was performed between the parties, and that he lived with plaintiff as her husband from that time until September 19, 1951, but charged that the "marriage" was bigamous for the reason that on April 6, 1929 plaintiff was married to another man from whom she was not divorced.

On May 22, 1953 plaintiff filed a motion for temporary allowances. At the hearing of that motion on September 4, 1953 plaintiff testified that she was married to Odell Franklin on April 6, 1929. She further testified to the separation, her financial needs, and that her husband was working for the Mississippi Glass Company, making $60–65 a week when he left home. On cross-examination by defendant's counsel she was asked whether she had been previously married. The court overruled an objection to this question, whereupon plaintiff's counsel instructed the witness to refuse to answer on the constitutional ground that she might incriminate herself.

At the court's direction she answered "Yes." To questions as to the place of the marriage, the birth of a child of the marriage, the name of the street in Cincinnati, Ohio where they lived together, and whether plaintiff ever filed a divorce suit against Ivory Shelly, plaintiff's counsel interposed objections and advised the witness to refuse to answer on the constitutional ground. All of these objections were overruled, and in each instance the witness was directed to answer. Those answers revealed that plaintiff was married to Shelly in Arkansas in February, 1923; that a child, Ivory Shelly, Jr., was born of that marriage; that the parties lived together until November, 1926, and that plaintiff never did file a suit for divorce from Shelly. A certified copy of the marriage license and certificate of solemnization of the marriage of plaintiff and Ivory Shelly was admitted in evidence over plaintiff's objection. After this had transpired defendant's counsel asked plaintiff whether she was ever divorced from Ivory Shelly. Plaintiff's counsel objected on the constitutional ground and the court sustained the objection. Thereupon defendant's counsel made an unsworn statement to the court that he and the defendant had made a trip to Cincinnati, Ohio during the previous week and had obtained an affidavit from Ivory Shelly that he had never obtained a divorce from plaintiff. The affidavit was not produced, and defendant presented no evidence in support of his statement whatever or in defense of plaintiff's motion. Later the affidavit and an application for a dedimus for a commission to take the deposition of Ivory Shelly was filed but, not having been acted upon, was subsequently withdrawn by defendant. On September 11, 1953 defendant filed a motion to dismiss plaintiff's petition for failure to comply with the order of July 12, 1953 requiring plaintiff to answer the interrogatories. This motion was heard and denied. On November 28, 1953 plaintiff's motion for alimony pendente lite and attorney's fees was sustained. This appeal followed plaintiff's unsuccessful effort to have the order of November 28, 1953 vacated, or in the alternative to obtain a new trial.

740

Defendant's first point is that the record does not show his income as of the date of the hearing of the motion for temporary allowances, September 4, 1953. This point is ruled against defendant for the reason that the record shows that defendant was working for the Mississippi Glass Company, and was making $60–65 a week when he left home. The fact that he was employed at that rate of pay prior to the hearing authorized the inference that he was still so employed at the time of the hearing, in the absence of evidence on the part of defendant to the contrary. Kinsella v. Kinsella, Mo.App., 60 S.W.2d 747, loc. cit. 748.

Defendant next asserts that plaintiff was required to make a prima facie case in support of a valid marriage before the court could allow alimony pendente lite and suit money and that plaintiff failed to sustain that burden. Defendant correctly states the law, Hill v. Hill, Mo.App., 236 S.W.2d 394; Carroll v. Carroll, 68 Mo.App. 190, but we are of the opinion that plaintiff satisfied the requirements of the rule. A prima facie case of a valid marriage was established by plaintiff's testimony that she and defendant were married on April 6, 1929; defendant's judicial admission that a marriage ceremony was performed between the parties on that date in Charleston, Missouri, followed by cohabitation by the parties as husband and wife from the date of the ceremony until September 19, 1951 (a period of more than 22 years); and the strong presumption of the validity of a second marriage. Carr v. Carr, Mo. Sup., 232 S.W.2d 488.

It is significant that defendant did not testify or offer any evidence tending to impeach the validity of the second marriage. In Ascher v. Ascher, 202 Mo. App. 622, 216 S.W. 576, on a motion to set aside an award of temporary alimony on the ground that the second marriage was null and void the husband actually offered evidence which made out a prima facie case against the wife going to the validity of the marriage. Nevertheless, this court held that the wife was entitled to be heard in court on the merits of the defense and to be allowed the assistance of counsel and reasonable alimony pendente lite and attorneys' fees. In that state of the law plaintiff in the instant case should not be denied temporary alimony and suit money merely because the husband pleads the invalidity of the marriage, 27 C.J.S., Divorce, § 208b.(1), p. 895, note 54, but where his pleading is unsupported by evidence and he stands silent when called upon for temporary alimony. See Cope v. Cope, 103 Mo.App. 260, 77 S.W. 92. Unless the husband proves the fact by which he challenges the existence of the marriage, 27 C.J.S., Divorce, § 208 c., p. 897, note 87, or unless the nullity of the marriage appears from her own pleadings or evidence, the wife is entitled to temporary alimony and attorney's fees.

Defendant makes the further point that the court erred in failing to dismiss plaintiff's petition upon her refusal to answer the interrogatories or the questions on cross-examination at the hearing of the motion for temporary allowances relating to the termination of her first marriage by divorce. Defendant does not claim that plaintiff waived her right to assert the privilege against self-incrimination or that the court erred in sustaining plaintiff's claim of privilege. The propriety of the ruling sustaining the claim of privilege was not challenged by defendant at the trial, or in his argument or brief. Defendant invokes Section 510.060 RSMo 1949, V.A.M.S., which provides that upon the refusal of a party to answer interrogatories the proponent of the question may move the court for an order compelling an answer and upon refusal of a party to obey such an order the court may strike out pleadings, stay the proceedings, dismiss the action or render default judgment against the disobedient party, and Section 491.180 RSMo 1949, V.A.M.S., which provides that if a party refuse to testify in court his pleading may be rejected, or his motion overruled. In connection with this point defendant further asserts that by

plaintiff's refusal to answer in these particulars she demonstrated her lack of good faith and was guilty of inequitable conduct, as a result of which the allowances were not "just" within the meaning of the statute, Section 452.070 RSMo 1949, V.A.M.S., authorizing temporary allowances.

 Defendant's point must be disallowed. Refusal of a trial court to strike a pleading for refusal of a party to testify or answer interrogatories is to be interfered with only in cases of clear abuse of discretion. Graveman v. Huncker, 345 Mo. 1207, 139 S.W.2d 494, and cases cited. We are warranted in assuming that the propriety of the ruling sustaining plaintiff's claim of privilege is confessed, since it has not been challenged on this appeal. Powell v. Palmer, 45 Mo.App. 236. It may not be maintained that the trial court was guilty of a manifest abuse of discretion in refusing to penalize plaintiff for invoking her constitutional right. To hold that because she invoked her constitutional right she is to be denied her day in court on the merits of her case would be to burden the exercise of the right with a consequence which would impair its value and efficacy. Masterson v. St. Louis Transit Co., 204 Mo. 507, 103 S.W. 48. The fact that plaintiff asserted her privilege against self-incrimination does not authorize any inference of the incriminating fact, State v. Weber, 272 Mo. 475, 199 S.W. 147, and cases cited; Wigmore on Evidence, 3rd Ed., Vol. VIII, Sec. 2272 (that she was not divorced from her first husband when she married a second time), nor does it brand her with suspicion, Masterson v. St. Louis Transit Co., supra, or indicate bad faith, see Hill v. Missouri Packing Co., Mo.App., 24 S.W.2d 196, or inequitable conduct on her part. The correctness of the order of the circuit court refusing to dismiss plaintiff's petition follows as a necessary consequence.

The order of the circuit court allowing plaintiff alimony pendente lite and an attorney's fee should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The order of the circuit court is, accordingly, affirmed.

RUDDY, Acting Presiding Judge, BENNICK, J., and LAWRENCE HOLMAN, Special Judge, concur.