CELESTE FRANKLIN, Respondent, v. ODELL FRANKLIN, Appellant, No. 44830—283 S. W. (2d) 483.

Court en Banc, November 14, 1955.

*Frank Mashak* for appellant.

444

*Sanford E. Wool* for respondent.

[434] HOLLINGSWORTH, J.—Odell Franklin, defendant, appealed to the St. Louis Court of Appeals from an order of the Circuit Court of the City of St. Louis allowing plaintiff, Celeste Franklin, $150 attorney's fee and temporary alimony in the sum of $10 per week during the pendency of her action against him for divorce, which order was by the Court of Appeals affirmed. Franklin v. Franklin, 273 S.W. 2d 737. On application of defendant the cause was transferred to this court under the provisions of Art. V, § 10, of the Constitution.

The facts are well stated in the opinion of the Court of Appeals, to which reference is made. They need not be again set forth herein. The essential question presented is whether, after refusing to answer certain interrogatories propounded to her under the discovery provisions of the civil code, § § 510.020 and 510.060 RSMo 1949, V.A.M.S., or to orally testify as to the status of her prior marriage to one Ivory Shelly, on the ground her answers might tend to incriminate her, plaintiff is entitled to maintain an action for divorce or a motion for temporary alimony.

[485] The right of divorce is predicated upon and presupposes a valid marriage, 27 C.J.S., Divorce, § 1, p. 521, and a motion for temporary alimony, in cases where the marriage is not admitted, must be supported by prima facie proof of the marriage. Hill v. Hill, Mo. App., 236 S.W. 2d 394, 400; 27 C.J.S., Divorce, § 208, b(1), c(1, 2), pp. 895-897. Good faith of the applicant is also a necessary element of such a motion, Brinker v. Brinker, 360 Mo. 212, 227 S.W. 2d 724, 727; this latter element being ordinarily, but not necessarily, determined from the pleadings, 27 C.J.S., Divorce, § 208, g, pp. 899-900. And, ordinarily, upon prima facie showing of marriage, the wife's motion for temporary allowances will be sustained if otherwise meritorious, even though the husband tenders an issue of the validity of the marriage; this, for the reason that to deny the motion might foreclose the wife of the means with which to establish her contention that the marriage was valid. Carroll v. Carroll, 68 Mo.App. 190, 193-194; Ascher v. Ascher, 202 Mo.App. 622, 216 S.W. 576, 578. We are convinced, however, that the state of the record in this case is such that the motion should not in justice to defendant be considered without regard to plaintiff's right to maintain her case on the merits. Upon service of the petition, defendant promptly sought discovery from plaintiff as to when and where she was married to Shelly and when, where and in what court she was divorced from him. At first, plaintiff sought to avoid the issue entirely but, upon being ordered to answer such interrogatories under penalty of dismissal of her action, she claimed the privilege of not answering, on the ground that to do so might tend to incriminate her. This privilege she likewise claimed at the hearing of her motion for temporary allowances. Thus, it seems, at least prima facie, that plaintiff refused to disclose facts peculiarly within her knowledge that were essential to an intelligent and lawful adjudication of her right either to divorce or to temporary support and suit money.

Of course, plaintiff had the right to refuse to answer both the written interrogatories and the questions propounded to her at the hearing on the motion if to answer would tend to incriminate her. But, may she, by virtue of that privilege, obtain affirmative relief of divorce or temporary allowances, which otherwise would be denied to her on refusal to answer pertinent written or oral interrogatories? We have not been cited to nor have we found any case authorizing her to do so.

This court is committed to the doctrine that a witness who appears and testifies generally at a trial on the merits may not be discredited by showing that at a former hearing or in a priorly given deposition such witness refused to testify on the ground his testimony might tend to incriminate him. Masterson v. St. Louis Transit Co., 204 Mo. 507, 523-525, 103 S.W. 48, 53-54 (98 S.W. 504); Garrett v. St. Louis Transit Co., 219 Mo. 65, 87-95, 118 S. W. 68, 74-78; State v. Weber, 272 Mo. 475, 199 S.W. 147, 148; Hill v. Missouri Packing Co., Mo. App., 24 S.W. 2d 196, 198; State v. Conway, 348 Mo. 580, 154 S.W. 2d 128, 134. It has also been held that a defendant in an action for damages for personal injuries arising out of a collision of motor vehicles may not be discredited by showing that when charged in the justice of the peace court with reckless driving on the occasion of the collision he "stood on his constitutional rights and declined to testify." Hall Motor Freight v. Montgomery, 357 Mo. 1188, 1190 et seq., 212 S.W. 2d 748, 750 et seq. But those cases are not in point here for at least two reasons. In the first place, the witnesses, including the party defendant in the last cited case, testified fully in the case on trial; the refusal to testify, in each instance, having been in an earlier proceeding. In the second place, none of the witnesses claiming the privilege had invoked the jurisdiction of the court in quest of affirmative relief; and the party defendant had done so only by way of counterclaim.

Divorce is a statutory action, but the courts generally follow the rules of equity and apply equitable principles in determining the rights and liabilities of the [486] parties. State ex rel. Couplin v. Hostetter, 344 Mo. 770, 129 S.W. 2d 1, 2; Link v. Link, Mo.App., 262 S.W. 2d 318, 319; 27 C.J.S., Divorce, § 7, p. 525. One seeking a divorce must prove himself to be the innocent and injured party. Simon v. Simon, Mo. Sup., 248 S.W. 2d 560, 562. The latter requirement is neither more nor less than an application of the equitable doctrine of "clean hands" to a divorce action. That doctrine says that "whenever a party, who, as *actor*, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him * * *; the court will refuse * * * to award him any remedy." Pomeroy's Eq. Jur., (Symons) 5th Ed., Vol. 2, § 397, pp. 91-92. See also Stierlin v. Teschemacher, 333 Mo. 1208, 64 S.W. 2d 647, 652, 91 A.L.R. 121.

To illustrate the anomalous situation that would arise if plaintiff's contention were to be sustained, let us suppose that the interrogatories propounded to her, both written and oral, had involved some misconduct on her part and peculiarly within her knowledge, such as, although not criminal, would defeat her right to divorce. In such a case, no one would deny that her refusal to answer would defeat her action. Schooler v. Schooler, 258 Mo. 83, 167 S.W. 444, 447 [7]; Whitmore v. American Ry. Express Co., 219 Mo. App. 294, 269 S.W. 654, 657;

Block v. Rackers, Mo. Sup., 256 S.W. 2d 760, 764; Meier v. Commissioner of Internal Revenue, 199 F. 2d 392, 396 [4]. Now, may she by being privileged to refuse to answer certain questions as to her misconduct on the ground that her answer might tend to incriminate her obtain an advantage that less offensive conduct would not afford her? Such a doctrine could enable plaintiff to obtain a divorce without being the innocent and injured party. The answer is obvious. Although plaintiff may refuse to answer self-incriminating interrogatories, yet, when she does, her action must be judged in the same manner and by the same rules as though she had refused to answer any other pertinent written or oral interrogatories.

The law is that upon oral or written interrogatories being properly propounded to discover relevant and material facts peculiarly and exclusively within the knowledge of the party, his refusal to answer justifies striking his pleadings. § 510.060 RSMo 1949, V.A.M.S.; Goodrich Zinc Corporation v. Carlin, 4 F. 2d 568; State ex rel. Williams v. Buzard, 354 Mo. 719, 190 S.W. 2d 907, 909 [2, 3]; State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W. 2d 383, 390. This sound and salutary rule applies, insofar as we are advised, without exception to all parties seeking relief in the courts. Especially would its application seem to be called for in divorce actions, where equitable principles govern and the state is an interested party. See State ex rel. Couplin v. Hostetter, 344 Mo. 770, 129 S.W. 2d 1, 4; Koslow v. Taylor, 356 Mo. 755, 203 S.W. 2d 433, 437.

At oral argument of this case, it was suggested by plaintiff's counsel that full disclosure of plaintiff's knowledge concerning the status of her former marriage would show no criminality on her part. The judgment rendered herein is reversed and, to the end that no injustice may be done plaintiff, the cause is remanded for such further proceedings as may be taken in accordance with the views herein expressed. All concur.