Marguerite McGRATH, Plaintiff-Respondent,

v.

Irving Thomas McGRATH, Defendant-Appellant.

No. 24032.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1965.

William V. North, Brenner, Ewing, Lockwood & O'Neal, Kansas City, for appellant.

Robert L. Shirkey, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff, Marguerite McGrath, on September 13, 1963, in the Circuit Court of Jackson County, Missouri, filed her petition, praying that she be granted a divorce from defendant Irving Thomas McGrath. Therein she alleged that "she and the defendant were married in 1955, and continued to live together as husband and wife throughout various states of the United States, including the State of Missouri, until on or about August, 1963". On November 8, 1963, after hearing testimony, the court sustained plaintiff's motion for temporary allowances and allowed her $35 per week as temporary alimony and $150 as temporary attorney's fee. Defendant has appealed from this judgment and as a basis therefor asserts the parties were never married, and that plaintiff failed to prove even a prima facie case of marriage in Missouri or anywhere else.

Defendant in his answer denied that he and plaintiff were ever married. At the hearing on the motion for temporary allowances the plaintiff and defendant each testified. No other person was offered as a witness. There is very little dispute as to the facts. Plaintiff and defendant never had a marriage license issued to them. There has never been a marriage ceremony of any kind. These people lived together as husband and wife from 1955 until August, 1963. Their domicile during this period was in the State of Missouri, although they temporarily sojourned in Arizona, California, Illinois, Massachusetts, New Mexico, New York, Oklahoma, Pennsylvania, Rhode Island, Texas and West Virginia. Those trips to these eleven other states were for business or pleasure, or both, without any intention to become there domiciled. During this whole period plaintiff and defendant held themselves out as a married *couple*. Defendant introduced plaintiff to friends and acquaintances as his wife. He registered in hotels and motels as "Mr. and Mrs. I. T. McGrath". They lived together and cohabited together in Missouri and in the various other states. There are no children involved.

In describing his occupation Mr. McGrath said: "I do business as Franklin Oil & Grease Company, selling specialty lubricants throughout the United States". He estimated his yearly net income from 1955 to 1963, as ranging from $5,000 to $19,000. The plaintiff also was employed for at least a part of the time. She worked at Research Hospital and for Studio Girl Cosmetics. She at various times used four different names. Sometimes Marguerite Bunton, her maiden name; sometimes Daggett or Kraft, the name of a divorced husband, and part of the time McGrath. Kraft was her Social Security record name.

■ Since adoption of the Married Woman's Act, alimony pendente lite is no longer granted as a matter of course in Missouri, but depends upon the necessities of the case. Summers v. Summers, Mo. App., 222 S.W.2d 514. A wife, whether guilty or innocent, has a right to prosecute or defend an action for divorce and the husband must furnish her the means of attack or defense if she is without adequate means of her own. Burtrum v. Burtrum, Mo.App., 200 S.W.2d 80.

■ Manifestly there can be no divorce unless there was first a marriage. We quote from the Supreme Court en banc opinion in Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483, 485:

"The right of divorce is predicated upon and presupposes a valid marriage, 27 C.J.S., Divorce, § 1, p. 521, and a motion for temporary alimony, in cases where the marriage is not admitted, must be supported by prima facie proof of the marriage. Hill v. Hill, Mo.App., 236 S.W.2d 394, 400; 27 C.J.S., Divorce, § 208b (1), c (1,2), pp. 895–897. * * * And, ordinarily, upon prima facie showing of marriage,

the wife's motion for temporary allowances will be sustained if otherwise meritorious, even though the husband tenders an issue of the validity of the marriage; this, for the reason that to deny the motion might foreclose the wife of the means with which to establish her contention that the marriage was valid. Carroll v. Carroll, 68 Mo.App. 190, 193–194; Ascher v. Ascher, 202 Mo.App. 622, 216 S.W. 576, 578".

Our own court quite recently (Preston v. Preston, Mo.App., 342 S.W.2d 956, 957) said:

"The plaintiff to be entitled to temporary alimony and attorney's fees had the burden of proving a valid marriage (Hill v. Hill, Mo.App., 236 S.W.2d 394, loc. cit. 400 and Kruse v. Kruse, 231 Mo.App. 1171, 85 S.W.2d 214, loc. cit. 216) and where the plaintiff, as here, relies upon the presumption of a common-law marriage, from acts on the part of the parties, the court requires 'stringent proof' of the marriage.

" 'Appellant does not rely on an express contract of common-law marriage, but on a presumption of such marriage from the facts in evidence. *This court has put itself on record as in favor of stringent proof of common-law marriages'*. (Citations.) (Italics supplied.) Heger v. Bunch, 321 Mo. 758, 12 S.W.2d 459, loc. cit. 460."

There is no suggestion or contention that a marriage was consummated by any ceremony—civil, religious, or otherwise. If plaintiff and defendant were married it resulted from what is generally known and described as a common-law marriage. During the whole period of their association these persons resided in and were domiciled in the State of Missouri. Common-law marriage has been since 1921, unrecognized in Missouri. Section 451.040 [5] first added in 1921, declares: "Common law mar-

riages hereafter contracted shall be null and void".

Under the testimony and admitted facts it is quite clear that if these persons had at all times remained in Missouri, there would be no marriage, and not even a prima facie case of marriage. There was no ceremony of any kind and this state has declared common-law marriages to be null and void. The relationship, even considering all its ramifications—taking the same name, holding forth as husband and wife and cohabiting—does not amount to marriage in Missouri. The association in this jurisdiction was meretricious. Defendant says that since it was meretricious where commenced, such status followed into the other states into which the participants traveled. Plaintiff says that even though the relationship was invalid and meretricious in Missouri, where it began, it became a valid marriage when the parties took up even a temporary residence in a state where common-law marriage is recognized and there cohabited and held forth as husband and wife. Plaintiff says these facts at least present a prima facie case of marriage so as to entitle the wife to be awarded the sinews and cash with which to adequately present her contention.

In the oral argument before this court defendant's counsel was asked in which of the eleven states into which these people traveled, he was asserting a valid common-law marriage was consummated. His reply was "Texas".

It is the general law that there must be a present agreement to be husband and wife. 35 Am.Jur., Marriage, Section 5, p. 182. It seems that in Texas in order to create a common-law marriage, there must be (1) an agreement to be husband and wife; (2) it must be followed by cohabitation and (3) it must be followed by publicly holding themselves out as husband and wife. In re McKanna's Estate, 106 Cal.App.2d 126, 234 P.2d 673. The marriage status must be under an agreement,

express or implied. Bobbitt v. Bobbitt, Tex.Civ.App., 223 S.W. 478.

Our Missouri courts have held that the status existing upon the inception of the relationship is presumed to continue absent proof to the contrary and that a relation meretricious in the beginning is presumed to continue, and the burden is upon plaintiff to satisfy the court that a new and real relationship of husband and wife was thereafter by mutual agreement and good faith entered into. Cargile et al. v. Wood et al., 63 Mo. 501, 514, 515; Perkins v. Silverman, 284 Mo. 238, 223 S.W. 895, 901.

It is clearly apparent and tacitly conceded that the association in Missouri in its beginning was not only meretricious, but there is no testimony or evidence of any specific agreement to become husband and wife, such as is required in the common-law states. The evidence shows only cohabitation and a holding forth as husband and wife. There is not only a presumption that the meretricious relationship continued during the business and pleasure trips to the various other states, but there is no suggestion, supported by evidence, that the parties entered into any new agreement or even re-examined or restated their status when they traveled into those foreign states.

We believe that a wife, if her circumstances so require, is entitled to temporary allowances in a divorce suit, where the marriage is admitted, or where there is prima facie proof of a valid marriage of any kind. We do not here hold that she must prove a valid marriage, but there must be such proof on this point as will present at least a reasonably debatable issue. It is our opinion and we rule that plaintiff has not met these minimum requirements. The association lasted eight years or more. During the whole period the domicile was in Missouri. It is conceded that no marriage could have arisen under the laws of Missouri. The sojourns for a few days at a time into other states were trips for business or pleasure, or both, with never an idea of taking up residence there. No suggestion is made and no evidence is submitted that any new or fresh agreement was made to become husband and wife in Texas or in any other state. It is our opinion and we hold that plaintiff has not submitted evidence showing a prima facie marriage so as to entitle her to the temporary allowances.

The judgment and order allowing plaintiff $35 per week as temporary alimony and $150 as temporary attorney's fee is reversed and the cause remanded.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.

BROADDUS, J., not participating.