Maraliss J. NELSON, Plaintiff-Respondent,

v.

James T. NELSON, Defendant-Appellant.

No. 33876.

St. Louis Court of Appeals, Missouri.

April 27, 1971.

Weiss v. Weiss, Mo.App., 392 S.W.2d 646, ($500);
Bettinger v. Bettinger, Mo.App., 355 S.W.2d 354, ($500).

Wolfe, J., did not sit.

Lester W. Duggan, Jr., O'Fallon, for defendant-appellant.

Niedner, Niedner & Moerschel, Rollin J. Moerschel, St. Charles, for plaintiff-respondent.

DOERNER, Commissioner.

On the day preceding the date upon which this divorce action had long been set for trial the defendant's third successive counsel filed a motion for a continuance on behalf of defendant. The motion was heard and overruled on trial day and defendant's counsel requested and was granted leave to withdraw. The court proceeded to hear plaintiff's evidence and, after various subsequent proceedings not here pertinent, by the final judgment and decree as ultimately entered the plaintiff was granted a divorce, custody of the parties' minor children, and other incidental relief. Within time defendant's third, and present, counsel, re-entered his appearance and on defendant's behalf filed a motion to set aside or open the judgment, or in the alternative for a new trial, which was subsequently overruled. Defendant's first appeal was dismissed as premature, but the matter is now properly before us.

Initially defendant asserts that the trial court erred in granting plaintiff a divorce, and in denying his motion to set aside the judgment, for the reason that plaintiff had failed to produce proof of her own good conduct, or any evidence that she was the innocent and injured party. As defendant points out, § 452.090, RSMo 1969, V.A.M.S., provides, in part: " * * * In all cases where the proceedings shall be ex parte, the court shall, before it grants the divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is an innocent and injured party." We have carefully and repeatedly examined the transcript and have failed to find that any evidence was introduced in the nature of that required by the foregoing statute. Nor has plaintiff directed our attention to any. Tacitly, at least, plaintiff concedes such lack of proof, for her only response is that defendant did not preserve his point for appellate review because it was not mentioned or set out in his motion for a new trial. Plaintiff is mistaken, and has overlooked that part of paragraph 4 of defendant's alternative motion in which he complained that the judgment was against the evidence because, " * * * there was no evidence which would constitute proof of the good conduct of the plaintiff and to satisfy the Court that the plaintiff is an innocent and injured party within the meaning and provisions of Section 452.090, Revised Statutes of Missouri, 1959."

While divorce is a statutory action, the courts generally follow and apply

equitable principles. Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483. Section 452.090 is but a codification of the equitable principle which requires the complaining party to come into court with clean hands. Cody v. Cody, Mo.App., 233 S.W. 2d 777. Our appellate courts have long said that the burden is on the plaintiff not only to prove the marital misconduct of defendant, but also to show affirmatively that he was the innocent, as well as the injured, party, and at least free from such fault as would constitute a breach of his own marital duty. Cody v. Cody, supra; Gregg v. Gregg, Mo.App., 416 S.W.2d 672; J. v. K., Mo.App., 419 S.W.2d 461. In this case plaintiff made no proof whatever that she was an innocent party within the meaning of § 452.090, and thereby totally failed to sustain the burden which the law cast upon her. Chapman v. Chapman, Mo.App., 230 S.W.2d 149.

In view of the conclusion we have reached regarding the defendant's first point it is unnecessary to consider his second, that the court erred in denying his motion for a continuance. Accordingly, the judgment is reversed and the cause is remanded.

PER CURIAM:

The foregoing opinion of DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment reversed and cause remanded.

BRADY, P. J., and DOWD, J., concur.

WOLFE, J., not sitting.