**Daniel S. HAGENBUCH,
Petitioner/Appellant,**

v.

**Carol S. HAGENBUCH, Respondent.**

No. 51255.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 28, 1987.

Rehearing Denied June 2, 1987.

John L. Doskocil, Crestwood, for petitioner/appellant.

John J. Riley, Clayton, for respondent.

SMITH, Presiding Judge.

Husband appeals from judgment in a dissolution action. We affirm.

The parties were married on January 3, 1984 and separated six weeks later. Husband filed the initial petition for dissolution and wife filed a cross-petition. Husband's petition requested a division of the marital property. His statement of property filed with the court reflected two items of marital property having a total value of $1,000. Wife did not list any marital property. The property statements and each party's statement of income and expenses were admitted into evidence by stipulation.

Husband testified to a prima facie case justifying dissolution. Early in his cross-examination he reiterated a separation date of February 19, 1984. He was then asked: "Did you see your wife on the evening of March 17, 1984." Husband, on advice of counsel, refused to answer that question on the ground that such testimony might tend to incriminate him on criminal charges then pending in St. Louis County. Husband stated that his invocation of Fifth Amendment rights would apply to any further questions involving March 17. Wife moved to strike husband's testimony and to strike his pleadings. Husband objected to that motion on the grounds that:

"The Petitioner has made a prima facie case under the statutes of the State of Missouri pertaining to dissolution of marriage and any testimony elicited or attempted to be elicited by the Respondent at this point has no material bearing upon the testimony that he's given relative to his Petition for Dissolution. We have raised no other issues here other than the fact of the marriage is irretrievably broken. Any other testimony would have no other purpose other than to go to the conduct of the parties which has not been raised or at issue at this particular point. I believe that's an issue that needs to come from Respondent, her testimony in-chief, and not from the cross-examination of Petitioner. For that reason, I will object to sustaining of the Respondent's motion."

The court sustained wife's motion and the case proceeded on wife's cross-claim. Wife testified to husband's income during the marriage of $28,000 to $30,000. His income statement reflected a different employer and a considerably smaller income. Wife also testified to the occurrences on March 17 which involved some bizarre assaultive and sexual activities by husband against wife. Wife also testified that by the terms of the dissolution decree from her former husband she was required to sell the home in which she and her children lived and into which husband moved and lived prior to and throughout the marriage. She testified to an agreement with her former husband to pay him $25,000 as his share of the home in lieu of sale. The court ordered the marriage dissolved, awarded the marital property to wife, ordered maintenance in gross of $10,000 to wife, and awarded her attorney's fees. No request was made during the hearing to reinstate husband's pleadings and the only attack in the motion for new trial to the striking was that the information sought by wife's questions was "irrelevant."

■ On appeal husband challenges the action of the trial court in striking his

pleadings and the award of maintenance to wife.

It has been clearly held in this state that where a party requesting affirmative relief invokes his privilege against self-incrimination the court may strike his pleadings if the information sought is relevant and material and peculiarly and exclusively within the knowledge of the party refusing to answer. *Franklin v. Franklin*, 365 Mo. 442, 283 S.W.2d 483 (banc 1955) [11, 12]; *State ex rel. Pulliam v. Swink*, 514 S.W.2d 559 (Mo. banc 1974) [1]. The basis of this rule is to prevent a party from obtaining an advantage from invoking his Constitutional rights. *Franklin, supra.* It is intended to promote fairness. *Swink, supra.* The doctrine is not intended to punish for exercising the right.

Husband here clearly refused to answer questions on cross-examination. When sanctions were requested he raised only the contention that the information was not material to any issue then before the court. It is reasonable to believe that the questions related to the conduct of the husband during the marriage. That conduct is relevant and material under Sec. 452.330 RSMo 1986, to the distribution of marital property. There was marital property, albeit very little, for the court to distribute. Husband had testified that the parties had agreed to a distribution but it was the obligation of the court to distribute the property. Husband raised no contention that the information sought was equally available to the wife. Her subsequent testimony would indicate that it was, in fact, available to her. But after wife's testimony no request for reinstatement of husband's pleadings was made alleging that the information was equally available to her. We cannot find that the court erred in its determination to strike the pleadings on the basis of the information then available to it and the grounds advanced by husband for denying such relief.

 Husband further challenges the award of maintenance in gross. This challenge is based on two grounds. First, he asserts there is no showing that the award was supported by evidence of his ability to pay it. Wife testified to his annual income during the marriage of $30,000. Courts are authorized to impute present earning capacity from past earnings. *Reeber v. Reeber*, 680 S.W.2d 358 (Mo.App.1984) [1, 2]; *In re Marriage of Vanet*, 544 S.W.2d 236 (Mo.App.1976) [6].

Secondly, husband contends that the court erroneously considered the evidence of wife's obligations under her prior divorce decree. In order to retain the home for herself and her children, wife must meet the obligations testified to. This is an aspect of wife's financial needs and resources and ability to support herself to be included in the determination of the need for maintenance under Sec. 452.335 RSMo 1986. We find no abuse of discretion in the award of maintenance albeit it is generous for a marriage of this length.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.