ROSE J. AUMAVAE, Petitioner

v.

KENAPE L. AUMAVAE, Respondent

High Court of American Samoa
Trial Division

DR NO. 43-94

March 27, 1995

164

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, BETHAM, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:        For Petitioner, Afoa L. Su`esu`e Lutu
                For Respondent, Ellen A. Ryan

Order Denying Divorce and Motion to Dismiss and Awarding Custody:

## PROCEDURAL HISTORY

On June 27, 1994, petitioner Rose J. Aumavae ("Rose") filed a petition with this court seeking a divorce from respondent Kenape L. Aumavae ("Kenape") on the ground of "habitual cruelty or ill usage." Rose also sought an equitable distribution of marital properties, physical custody of the parties' two children, and child support. On the same day, Kenape's "Consent to Judgment and Waiver of Appearance" was also filed.

The court heard this action on September 21, 1994. At the hearing the

parties' "Property Settlement and Agreement," which they signed on June 24, 1994, was admitted into evidence. The court took the matter under advisement. On the following day, the court received Kenape's letter, dated September 21, 1994, in which he denied the alleged grounds for divorce and the existence of any agreement placing physical custody of parties' children with Rose. He further requested another hearing to present his side.

On October 21, 1994, Kenape submitted, after retaining counsel, a motion to dismiss and an affidavit, asserting that the parties were never married, and that he signed the "Property Settlement and Agreement" under duress. He requested that the court dismiss Rose's petition due to lack of jurisdiction and award him custody of the children.

The motion was scheduled for hearing on November 30, 1994, and for various reasons was continued first to December 14, 1994, and then to December 28, 1994, January 11, 1995, and February 16, 1995, and finally to March 2, 1995. The court was persuaded to grant these continuances principally to afford counsel opportunity to obtain documentary evidence that the marriage did or did not exist.

## FINDINGS OF FACT

1. Kenape and Rose are both American Samoans.

2. Rose claimed that the parties were legally married on January 18, 1979, in Reno, Nevada. However, according to an official statement, dated February 10, 1994, by the Deputy Recorder of the County Recorder of Washoe County, Nevada, where Reno is located, there is no record of any marriage between Rose and Kenape during the years 1975 to 1985. Nonetheless, the parties voluntarily cohabited as husband wife from 1979 until their separation in 1991. The vast majority of this 12-year relationship was spent living together in American Samoa.

3. In January, 1979, Kenape was living with Rose in the State of Washington. Soon after the alleged marriage ceremony, Kenape accepted a teaching position with the American Samoa Community College. Kenape arrived in American Samoa on or before July 31, 1979, the date he signed an employment contract with ASG. This date was nearly nine months prior to the birth of the parties' first child.

4. Two children were born of the parties' relationship: Lupe Ane

166

Aumavae, female, on April 30, 1980, and Leone Joanna Aumavae, female, on April 28, 1984.

■ 5. Since the separation of the parties in 1991, the children have been, for the most part, in Kenape's physical custody. They are presently in his custody; Rose is residing in Alaska. Although a mother is the natural custodian of her young, *Stevens v. Stevens*, 21 A.S.R.2d 76, 78 (Trial Div. 1992), other factors for the court should weigh in deciding custody are "a good home, congenial surroundings, and intelligent attention and direction in matters affecting the health, education, growth and development of the children." *Id.* at 79 (citing *Bemis v. Bemis*, 200 P.2d 84, 91 (Cal. Ct. App. 1948)). In this case, the children's welfare would be best served by continuing their custody with Kenape.

## CONCLUSIONS OF LAW

■ 1. To grant a divorce, the court must dissolve a valid marriage contract. A.S.C.A. § 42.0202. In American Samoa, for a man and a woman to enter into a valid marriage contract, a marriage ceremony must be performed by a duly authorized person. A.S.C.A. § 42.0101(e). American Samoa does not recognize common-law marriages. *Estate of Tuinanau Fuimaono*, 21 A.S.R.2d 121, 125 (Trial Div. 1992). Since the parties never met the ceremonial requirement, they were not legally married, and Rose is not entitled to a divorce from Kenape.

■ 2. Common-law marriages, if valid according to the law of the state in which they were initiated, will be recognized in other jurisdictions, even where such marriages cannot be lawfully formed. *Gallegos v. Wilkerson*, 445 P.2d 970, 972 (N.M. 1968). However, the State of Washington does not recognize common-law marriages. Therefore, this court is not required to decide whether or not to recognize a common-law marriage between the parties from another jurisdiction. But if Washington did recognize common-law marriages, the parties' brief stay in Washington would be insufficient to compel the recognition of a valid common-law marriage. An unmarried couple who spend a short period of time in a jurisdiction without taking up permanent residence or attempting to become husband and wife in the state does not give rise to a common-law marriage. *McGrath v. McGrath*, 387 S.W.2d 239, 214-42 (Mo. Ct. App. 1965). The brief time Kenape and Rose spent together in Washington was merely

167

transitory compared with the relationship's many years of existence in American Samoa.

3. The court has exclusive original jurisdiction "when the question of legal custody is incidental to the determination of a cause in the court." A.S.C.A. § 45.0115(d). Even without this statutory authority, the court has the inherent power, due to our authority to protect children, to make an order relative to the custody and support of a child born as an issue of an invalid marriage. *Abelt v. Zeman*, 179 N.E.2d 176, 178 (Ohio Misc. 1962).

4. Kenape is entitled to the care, custody and control of the parties' two minor children, subject to Rose's visitation rights at all reasonable times.

ORDERS

1. Rose is denied a divorce from Kenape.

2. Kenape's motion to dismiss is denied and jurisdiction is retained regarding custody of the children and child support.

3. Kenape shall have the care, custody and control of the parties' two minor children, subject to Rose's visitation rights at all reasonable times.

4. In furtherance of the children's best interests, neither party shall remove from American Samoa without the court's prior permission. No change in custody of the children shall occur except by the court's order.

It is so ordered.