**Hazel I. GRAGSON, Respondent,**

v.

**Leonard O. GRAGSON, Appellant.**

**No. 22373.**

Kansas City Court of Appeals.

Missouri.

April 2, 1956.

Price Shoemaker, Elmer E. Reital, St. Joseph, for appellant.

Strop & Strop, St. Joseph, for respondent.

SPERRY, Commissioner.

Mrs. Gragson sued her husband for divorce and alimony. She pleaded the mar-

riage, her proper marital conduct, and charged defendant with having offered such indignities as to render her condition in life intolerable. Defendant filed answer admitting the marriage and denying all other allegations. Plaintiff was granted a divorce, and alimony in gross in the amount of $7,500. Defendant appeals.

Complaint is made of the action of the trial court in striking defendant's answer upon motion.

Plaintiff's petition was filed September 11, 1952. Defendant filed answer October 9, 1952, through his attorneys, Mitchell & Hulse. On January 7, 1953, Landis & Landis appeared as additional attorneys for defendant. On March 22, 1953, Mitchell & Hulse withdrew as attorneys. On July 24, 1954, the court ordered issuance of a subpoena duces tecum, directing defendant to produce before Helen Cormaney, a Notary Public before whom depositions were to be taken on July 28, 1954, copies of defendant's income tax returns for the years 1950, 1951, 1952, and 1953, and copies of financial statements made by him during said years.

The subpoena duces tecum was duly issued and served on defendant, who appeared at the office of Strop & Strop, in St. Joseph, at the appointed time, for the taking of his deposition. He refused to answer virtually all questions propounded to him by plaintiff's attorney and failed to produce the above mentioned documents. He refused to answer as to whether or not he had an attorney and, in answer to other proper questions propounded to him in regard to material allegations contained in plaintiff's petition, defendant merely shrugged his shoulders and held out his hands. Attorney for plaintiff then and there informed defendant that he might be committed to jail for refusal to testify but he, nevertheless, refused to answer. The taking of the deposition was continued to "one week from today" at ten o'clock. No further action was taken relative to the taking of the deposition.

Plaintiff filed motion to strike defendant's answer and the motion was heard on Oc-

tober 23, 1954, at which time the court ordered that the record show the withdrawal, as attorneys, of Landis & Landis, and of Mitchell & Hulse. Defendant was represented at the hearing by Price Shoemaker. The issuance and service of the subpoena duces tecum was shown, and the deposition was introduced in evidence. Defendant testified in his own behalf, on said motion, to the effect that he refused to answer questions at the taking of the deposition because he was not represented by counsel, did not know that the proceeding "was really pertaining to court," thought that "it might incriminate me." He stated that he was now ready and willing to give his deposition, or to testify in court, and willing to produce income tax returns and financial statements, as ordered. Upon completion of the evidence and argument on the motion, the court sustained the motion to strike but announced that defendant might, at the trial of the case, offer any relevant testimony tending to disprove plaintiff's allegations and evidence.

Thereafter, on May 17, 1955, trial was had on the divorce action. The court informed defendant that he might take a change of venue if he felt that the court was prejudiced; and he informed defendant that he could offer testimony on the issues tendered by plaintiff's petition. Defendant declined to offer testimony or to cross-examine plaintiff's witnesses.

Plaintiff testified to the effect that both parties had previously been married and divorced; that there were no children born of this marriage; that defendant has children by a previous marriage and that plaintiff has a son, 9 years of age, by a previous marriage; that she has property of her own to the extent of $25,000; that her former husband pays her $100 per month for the support of her child, who lives with plaintiff; that she paid, out of said funds, during this marriage, substantial sums for clothing, entertainment, medicines, etc., for the son; that she paid out, for herself and for household expenses, from her own income, during the 21 months that the parties lived together, some $2,700; that she kept house, laundered, cooked, and, generally, performed her duties as defendant's wife; that defendant was tyrannical in the home; that he required plaintiff and her son to govern their relations by a set of rules which he promulgated and posted in the house; that he charged plaintiff with improper relations with her son; that he made such charges and statements to her friends; that such charges are wholly untrue; that he beat her with his belt on one occasion; that he told her, and had told her acquaintances, that he no longer cared for her; that he had urged her to procure a divorce; and that he left the home on July 24, 1952, since which time the parties had not lived together.

There was also testimony, from other witnesses, to the effect that defendant had told them that plaintiff and her son had improper relations. There was testimony to the effect that plaintiff is a woman of good moral character and reputation.

There was substantial evidence tending to prove that defendant's financial worth is from $70,000 to $75,000, and that his net income is about $12,000 per year.

The court found the issues for plaintiff, that she is the innocent and injured party and is entitled to a divorce. He granted her a divorce and adjudged her alimony in gross in the sum of $7,500.

Plaintiff's motion to strike defendant's pleadings is bottomed on Section 491.180 RSMo 1949, V.A.M.S., which provides as follows:

"Penalty where party refuses to attend and testify.—If a party, on being duly summoned, refuse to attend and testify, either in court or before any person authorized to take his deposition, besides being punished himself as for a contempt, his petition, answer or reply may be rejected, or a motion, if made by himself, overruled, or, if made by the adverse party, sustained."

In Franklin v. Franklin, Mo.Sup., 283 S.W.2d 483, 486, our Supreme Court held that when a party refuses to answer questions propounded to discover relevant and

material facts in a pending divorce action, the court is justified in striking his pleadings, under the provisions of the above statute. In Graveman v. Huncker, 345 Mo. 1207, 139 S.W.2d 494, 499, the court reiterated its previous rulings, to the effect that the statute vests the trial court with *discretion* as to its action with respect to the refusal of a party to testify, but that one who seeks to have an appellate court substitute its discretion for that of a trial court " 'must present a strong and clear case.' "

We cannot say that the trial court abused its discretion in striking defendant's pleading in this case.

Defendant seeks to have himself excused of his conduct on the grounds that the order concerning issuance of the subpoena *duces tecum* was too broad and indefinite in its terms to justify striking defendant's pleadings for his failure to obey same. This contention was not made until the case came here on appeal. But, in any case, defendant refused to answer *all* questions propounded to him as to relevant and material matters touching the allegations of plaintiff's petition. His contention, on this ground, must be rejected.

Defendant also contends that the award of $7,500 as alimony is excessive. Evidence offered by plaintiff tended to prove defendant's net worth to be in excess of $70,000, and his net income to be $12,000 per year. Defendant could have offered explanatory and contradictory evidence on these matters, under the ruling of the court. He declined to offer any testimony as to that or any other issue. An award of $7,500 as alimony in gross is a reasonable and fair award under the uncontradicted evidence in this case.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.