**GELDBACK TRANSPORT, INC.,**
Respondent,

v.

**Dallas DELAY, Appellant,**

and

**Grassham Brothers Chevrolet Company,**
Respondent.

No. 53970.

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

Edwards & Robison, Jack O. Edwards, Sikeston, for defendant-respondent.

Robert B. Baker, Ellington, for appellant.

LAURANCE M. HYDE, Special Commissioner.

This action was commenced as replevin against defendant Delay, hereinafter called appellant, and defendant Grassham Brothers Chevrolet Co., hereinafter called Grassham, for possession of an International tractor. Plaintiff later dismissed as to appellant and appellant's appeal from this order of dismissal was dismissed. Therefore, this appeal involves only appellant and Grassham. Appellant had filed a cross-claim against Grassham for $12,500.-00 actual damages and $12,500.00 punitive damages which the court dismissed. Appellant has appealed from this judgment of dismissal and we affirm for the reasons hereinafter stated.

The tractor involved was missed from the premises of plaintiff in Kirkwood and was found by the State Highway Patrol disassembled. The engine, frame, tires and accessories were found at appellant's salvage yard in Carter County; other parts were found nearby in Ripley County. All parts of the tractor found by the officers were taken under a search warrant and left for storage with Grassham. The serial number on the engine had been obliterated. Plaintiff's replevin petition alleged ownership of the tractor and stated appellant was claiming some right to it of an unknown nature. It further stated the tractor was in the possession of Grassham "who have been notified of the conflicting claims to possession" of plaintiff and appellant. Appellant's cross-claim against Grassham alleged appellant "had lawful possession of the * * * property and is lawfully entitled to the possession of it"; and that Grassham "without lawful authority, took and continues to withhold [it] from the lawful possession" of appellant.

Thus it appears that appellant did not claim ownership and interrogatories were

filed by plaintiff seeking to determine the nature of appellant's claim, which appellant did not answer. Thereafter, Grassham filed interrogatories asking among other questions where and when appellant obtained possession of the property, the name of the person from whom he obtained possession and how he obtained possession "whether by purchase, trade or gift" and manner of payment. Appellant refused to answer "on the ground that his answer might tend to incriminate him." On Grassham's motion the court dismissed appellant's cross-claim.

Appellant relies on recent United States Supreme Court cases which he says require that no penalty be imposed for a valid claim of privileges guaranteed by the fifth amendment to the United States Constitution and enforceable on the states through the fourteenth amendment, citing Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653; Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574; Garrity v. New Jersey, 385 U.S. 493, 87 S. Ct. 616, 17 L.Ed.2d 562. None of these are cases where the party claiming the fifth amendment privilege was seeking affirmative relief for himself against another party. In Malloy, petitioner was committed for contempt for refusal to answer questions in a state gambling enquiry. In Spevack, the proceeding in which petitioner refused to testify was one to discipline him as a member of the Bar for professional misconduct. In Garrity, petitioners (police officers) were convicted of conspiracy to obstruct justice on their testimony in a state investigation of fixing traffic tickets in which their choice was between self-incrimination and job forfeiture. None of these are applicable to the situation in this case. Here appellant on his cross-claim is in the position of a plaintiff, having the burden of proof, and could only prevail by proving ownership or right of possession under a lien or other valid claim. He could not recover anything without disclosing the basis for his claim and making proof of it. There-

fore, Grassham had a right to know what it was under Civil Rule 56.01, V.A.M.R., or have his action dismissed under Civil Rule 61.01(d).

In Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483, a divorce case, plaintiff refused to answer interrogatories regarding status of her previous marriage on the ground that it would tend to incriminate her. We held that, while plaintiff had the right to refuse to answer, "her action must be judged in the same manner and by the same rules as though she had refused to answer any other pertinent written or oral interrogatories." Otherwise she could "obtain a divorce without being the innocent and injured party," so we held her refusal to answer justified striking her pleadings. This case is cited and followed in Stockham v. Stockham, Fla., 168 So.2d 320, 4 A.L.R.3d 539. See also Brown v. United States, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed. 2d 589, holding that where petitioner testified voluntarily in her own behalf she could not invoke on cross-examination, privilege of self-incrimination, regarding matters made relevant by her direct examination. An annotation, 4 A.L.R. 545, 546 cites several cases holding that "a motion to dismiss a complaint, if timely made in the trial court, should be sustained where plaintiff exercised his privilege against self-incrimination to refuse to answer questions pertinent to the issues involved. The rationale upon which these decisions have been based is that although the privilege against self-incrimination is available to either party to a civil action, the plaintiff who invokes this privilege should not be permitted to prevail and, in effect, 'eat his cake and have it too.'"

The situation here is similar to that where a plaintiff seeks to recover for personal injuries; and although he has a privilege to prevent his physician's testimony, under § 491.060(5) RSMo V.A.M.S., it is waived by bringing suit making the matter of the plaintiff's physical condition an issue. State ex rel. McNutt v. Keet, Mo.Sup., 432 S.W.2d 597, 601, including

discovery prior to the trial, 432 S.W.2d l. c. 602; see also State ex rel. Williams v. Vardeman, Mo.App., 422 S.W.2d 400, 408; Annotation, 5 A.L.R.3d 1247. In State v. Swinburne, Mo.Sup., 324 S.W.2d 746, 750, where the defendant in a criminal case put his sanity in issue, we held: "When a defendant thus puts his sanity in issue, he waives all privilege either under the physician privilege statute * * * or under the self-incrimination section." Certainly appellant put his right to possession of the tractor in issue by his cross-claim against Grassham and this was a waiver of his right not to disclose the basis of his claim.

The judgment of dismissal is affirmed.

PER CURIAM.

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

SEILER, P. J., STORCKMAN, J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting when cause was submitted.