STATE of Missouri ex rel. Harry PULLIAM, Relator,

v.

The Honorable J. O. SWINK, Presiding Judge of the Circuit Court of St. Francois County, Respondent.

No. 58490.

Supreme Court of Missouri,
En Banc.

Sept. 9, 1974.

Rehearing Denied Oct. 14, 1974.

Goldenhersh & Newman, Leo M. Newman, George A. Adolf, St. Louis, for relator.

Roberts & Roberts, Raymond R. Roberts, Farmington, for respondent.

## PER CURIAM:

Upon application of respondent, this original proceeding in prohibition was transferred to this court from the Court of Appeals, St. Louis District, after the filing of an opinion therein. The cause has been re-argued and submitted in this court, and we approve and adopt as our own the opinion heretofore written by Smith, J., which, without the use of quotation marks, is as follows:

Relator seeks to have us make permanent our preliminary writ prohibiting respondent from striking relator's answer in a personal injury suit, because of relator's refusal to answer questions at a deposition on the grounds his answers might incriminate him.

Plaintiff in the underlying suit, brought her action for wrongful death of her husband as a result of an automobile accident. Relator filed an answer and sought no affirmative relief. Depositions were scheduled and relator attended his deposition. He gave his name and thereafter in response to each question stated, "I refuse to answer that question on the ground it might incriminate me." Thereafter, on the scheduled day of trial plaintiff moved to strike relator's answer pursuant to Section 491.180, RSMo 1969, V.A.M.S. Respondent indicated his intention to sustain the motion and we issued a preliminary writ of prohibition.

The parties have briefed certain procedural matters, but we believe the case should be decided upon the more basic question of whether the court has the power to strike a defendant's answer upon his refusal to testify on grounds of self-incrimination. We hold it does not under the facts here.

It should be pointed out what this case does not involve. Relator's conduct was in no respect contumacious. Relator immediately and at the first opportunity invoked his constitutional privilege; it was not an afterthought following a previously unexplained or unwarranted refusal to testify. Relator did not refuse to attend the deposition. Relator did not testify to matters favorable to himself and then seek the benefit of the privilege upon cross-examination or when the questioning reached a point where his answers would be unfavorable to him, thereby waiving the privilege. The privilege was not asserted in a posture indicating bad faith; respondent admits relator's answers could in fact have incriminated him.

Although both Article I, Section 19 of the Missouri Constitution, V.A.M.S., and Amendment V of the United States Constitution are framed in terms of testimony in "criminal" cases, the privilege is available to a witness before any tribunal and in any proceeding including civil cases. State ex rel. North v. Kirtley, 327 S.W.2d 166, 167[1] (Mo. banc 1959). A statute cannot, of course, override or take away a constitutionally guaranteed right.

In Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483 (Mo. banc 1955) the Supreme Court upheld the action of the trial court in striking the pleadings of the plaintiff in a divorce action when she refused

to answer interrogatories because of self-incrimination. Respondent relies heavily upon that decision to support his intended action. But the decision in that case was clearly based upon the fact that the person invoking the privilege was seeking *affirmative* relief from the court. At l.c. 485 the court stated the question:

> "But, may she, by virtue of that privilege, obtain *affirmative relief* of divorce or temporary allowances, which otherwise would be denied to her on refusal to answer pertinent written or oral interrogatories?" (Emphasis supplied.)

And in distinguishing certain cases cited by the plaintiff in that case, the court stated:

> "In the second place, none of the witnesses claiming the privilege had invoked the jurisdiction of the court in quest of *affirmative relief*; and the party defendant had done so only by way of counterclaim." (l.c. 485.) (Emphasis supplied.)

In Geldback Transport, Inc. v. Delay, 443 S.W.2d 120 (Mo.1969) the Supreme Court upheld the dismissal of a crossclaim where the cross-claimant refused to answer interrogatories on self-incrimination grounds. There again the court referred to the affirmative relief sought by the cross-claimant and analogized the situation to waiver of the physician-patient privilege, where the patient brings suit making the matter of his physical condition an issue. The court concluded its opinion by stating:

> "Certainly appellant put his right to possession of the tractor in issue by his cross-claim against Grassham and this was a *waiver of his right* not to disclose the basis of his claim." (l.c. 122.) (Emphasis supplied.)

We recognize that Gragson v. Gragson, 290 S.W.2d 420 (Mo.App.1956) does not discuss nor apparently recognize the affirmative relief qualification of *Franklin*. But the facts in that case create some doubt that defendant there in fact invoked the privilege against self-incrimination in good faith or at the first opportunity.

The affirmative relief test and waiver theory of *Franklin* and *Geldback* are sound. It is not unfair to preclude one who invokes the assistance of the courts from recovery when he refuses to produce evidence peculiarly within his knowledge pertinent to his right to recover. It is something else again to require one who is in court involuntarily to elect between his constitutional privilege and the automatic entry of a judgment against him. Plaintiff has the burden of establishing her right of recovery and to shift or eliminate that burden because defendant asserts his constitutional privilege is to penalize defendant for invoking his rights. A court lacks the power and jurisdiction to require defendant to make such an election.

■ Relator has sought no affirmative relief; he is in court involuntarily. He raised his constitutional privilege immediately; his assertion of the privilege was in good faith; he has not been contumacious. The court will exceed its jurisdiction if it enters its order striking defendant's answer on the basis of defendant's assertion of his constitutional privilege.

■ We are not unmindful that in some situations the ruling we here make will present hardships to other litigants. It is regrettable, but necessary, if constitutional rights are to have meaning. What we have said here, however, does not mean that litigants may pick and choose that which they will allow to be discovered. Once the privilege has been invoked to preclude discovery, trial courts have the power not to allow the defendant to change his position and testify at trial to his benefit. Invocation of the privilege at the discovery stage may well serve to preclude a defendant from controverting through his own testimony or records the evidence of the plaintiff at trial.

Writ of prohibition is made permanent.

DONNELLY, C. J., and SEILER, MORGAN, HOLMAN, BARDGETT and HENLEY, JJ., concur.

FINCH, J., dissents in separate dissenting opinion filed.

FINCH, Judge (dissenting).

I respectfully dissent.

As I understand the principal opinion, it holds that when a defendant who has sought no affirmative relief asserts in good faith and at the first opportunity his privilege against self-incrimination, a court will exceed its jurisdiction if it enters an order striking defendant's answer for refusal of defendant to testify. However, it recognizes that the court may strike a party's pleadings if that party seeks affirmative relief or if by some action can be said to have waived his rights. I so conclude because the court cites and discusses the case of Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483 (Mo. banc 1955), wherein the court upheld the striking of plaintiff's pleadings in a divorce action after she refused to answer interrogatories on the ground they might incriminate her, and the case of Geldback Transport, Inc. v. Delay, 443 S.W.2d 120 (Mo.1969), wherein this court upheld dismissal of a cross-claim where cross-claimant had refused to answer interrogatories on self-incrimination grounds. With reference to those cases, the principal opinion states: "The affirmative relief test and waiver theory of *Franklin* and *Geldback* are sound. It is not unfair to preclude one who invokes the assistance of the courts from recovery when he refuses to produce evidence peculiarly within his knowledge pertinent to his right to recover."

Assuming the correctness of the principal opinion's conclusions, relator, in my judgment, is not entitled to a writ of prohibition in this case. The principal opinion erroneously concludes that relator did not seek affirmative relief in the trial court.

The fact is that relator's answer was not simply a general denial of plaintiff's allegations; instead he alleged that plaintiff's deceased husband was guilty of negligence which contributed to cause the collision and that for such reason plaintiff may not recover. This allegation asserts the affirmative defense of contributory negligence by which he seeks affirmative relief from the court and as to which he has the burden of proof. This pleading was not simply an attempt to defeat plaintiff by showing that relator was not negligent; rather it asks the court to enforce sanctions against plaintiff by denying recovery on the basis that negligence on the part of plaintiff's decedent contributing to cause the accident was affirmatively demonstrated by relator. In my judgment this amounts to seeking affirmative relief just as much as a pleading in the nature of a counter-claim. To illustrate, suppose a defendant files a pleading in which he asks the court to offset part or all of any recovery obtained by plaintiff therein. If the defendant had asked for such relief by way of counter-claim for that sum, he unquestionably would be seeking affirmative relief. I submit that he also asks affirmative relief when he seeks allowance of the sum as an offset against plaintiff's recovery rather than having a separate judgment therefore based on a counter-claim. If that conclusion be correct, then *a fortiori* the defendent who seeks to defeat (in effect to offset) plaintiff's recovery on the basis of contributory negligence also is seeking affirmative relief from the court. Accordingly, even under the rule announced in the principal opinion, a writ of prohibition should not be made permanent under the facts of this case.

There are other facts not referred to in the principal opinion which also provide a basis for holding that relator sought and obtained affirmative relief from the court or that there was a waiver on the part of relator against prohibiting respondent herein by way of writ of prohibition. On July 18, 1972, pursuant to prior arrangements

between the parties in the St. Francois suit, both the plaintiff, Laura Mae Tripp, and the defendant (relator herein) appeared before a notary public in Jefferson County for the purpose of having their depositions taken. The defendant first took the deposition of Mrs. Tripp in which she answered all questions propounded to her by counsel for relator. Thereupon, pursuant to the arrangements previously made, defendant was sworn and plaintiff's counsel started to take defendant's deposition. He gave his name and address after which he refused to answer any other questions on the ground that to do so might incriminate him.

When relator, utilizing the rules of the court which permit discovery including depositions, sought and obtained the deposition of plaintiff, he thereby obtained affirmative relief from our court system. This amounted to more than simply availing himself of the right to deny the plaintiff's right of recovery and then to appear for the purpose of attempting to defeat recovery at the time of trial.

Furthermore, it is apparent from what occurred that relator planned to refuse to go through with his prior arrangements to reciprocate by giving his deposition after plaintiff's deposition was taken. He did this without disclosing to plaintiff or her attorney his intention to assert his privilege against self-incrimination. This casts some doubt upon the correctness of the statement in the principal opinion that the privilege was not asserted by relator in a posture indicating bad faith. By this, I do not mean that he did not have a proper basis for asserting his right to decline to testify on the basis of self-incrimination. I do suggest that his conduct in arranging for the mutual taking of depositions and then proceeding to take the plaintiff's deposition without disclosing his intention not to reciprocate immediately thereafter does indicate that in that respect the defendant was not acting in good faith.

The principal opinion recognizes that in some situations the ruling made will result in hardship to other litigants. Consequently, in the process of protecting relator's constitutional rights against self-incrimination, we should not accord to · him any more than is essential to protect those rights. We should let him defend—utilize a shield—but we should not give him a sword in the process. He should not be allowed to seek any form of affirmative relief. Furthermore, we should recognize that utilization of discovery is a two-way street, in which a party necessarily agrees to furnish answers in return for the discovery he can or does obtain. We should not permit a party to convert that two-way street into a one-way affair in which he takes but doesn't give. This is particularly true when the party travels what apparently is a two-way street and then blocks travel by his opponent by suddenly erecting without any advance warning the one-way marker.

It seems to me that this court, either on the basis that by seeking the deposition of the plaintiff the relator sought affirmative relief from the court (bringing him within the doctrine of Franklin and Geldback) or that he by the previously described conduct at least waived his right to claim that his pleading should not be stricken for his failure to testify on his deposition, very properly could hold that relator is not entitled to a writ of prohibition.

If the court adopts the rule announced in the principal opinion, then I suggest that we should be consistent and make it all inclusive. A defendant not only should not be permitted to seek affirmative relief by counter-claim or cross-claim; he also should not be permitted to assert affirmative defenses and he should not be permitted to utilize discovery procedures. I would also hold as suggested in the principal opinion, that invocation of the privilege at the discovery stage should preclude a defendant from controverting through his own testimony or records the evidence of plaintiff at trial.