Sandra C. SATTERFIELD, Appellant,

v.

Philip H. SATTERFIELD, Respondent.

No. 44493.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 1982.

David G. Neal, Eminence, for defendants-appellants.

John N. Wiles, West Plains, for plaintiff-respondent.

Bernard Edelman, Clayton, for appellant.

Norton Y. Beilenson, Clayton, for respondent.

REINHARD, Presiding Judge.

Dissolution case. In wife's petition, she alleged that the marriage was irretrievably broken and requested the court to enter an order of dissolution; equitably divide the parties' marital property; set aside her separate property; order husband to pay maintenance; and award her attorney's fees and costs. Further, she alleged her husband committed marital misconduct.

After hearing the evidence, the court ordered dissolution of the marriage; set off to each party their separate property; ordered the marital home to be sold with 60% of the proceeds going to the wife because of husband's extramarital sexual misconduct; distributed other marital property as per agreement of the parties; ordered wife's attorney's fees to be paid by husband and awarded no maintenance. Wife appeals. We affirm.

Wife contends that the court erred in awarding affirmative relief to husband because of his refusal to answer questions concerning his marital misconduct. Wife introduced evidence of marital misconduct. She also called husband as a witness and when he was questioned by wife's attorney about the misconduct, he invoked his constitutional privilege against self-incrimination. As a result of his refusal to testify, the court later sustained wife's objection to the admission of any evidence by husband.

■ The court adopted some of husband's suggested procedures for disposition of the marital property and denied wife maintenance. Wife asserts that this is contrary to those cases holding that a party claiming the Fifth Amendment privilege against self-incrimination is not entitled to affirmative relief for himself against other parties. *See, Geldback Transport, Inc. v. Delay*, 443 S.W.2d 120, 121 (Mo.1969). We have no quarrel with that proposition; in fact, it is sound. Here, however, the court was proceeding on wife's petition. The court was required by § 452.330 RSMo. 1978 to divide the marital property. "The court ... shall divide the marital property in such proportions as the court deems just." Further, wife is not entitled to maintenance merely because she requested it. The fact that the court adopted some of husband's suggested procedures for disposition of the marital property and denied wife maintenance does not constitute affirmative relief to him. This point is without merit.

Wife also complains about the distribution of the marital property and the failure of the court to allow her maintenance. Our review of the record leads us to conclude that in this regard the court decree is supported by substantial evidence and is not against the weight of the evidence. Neither does there appear an erroneous declaration nor application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

■ It appears that the parties stipulated as to the disposition of all of the marital property and separate property with the exception of the marital home. The court specifically found marital misconduct and because of that awarded to wife a larger portion of the proceeds from the sale of the house. We find no fault with the court's determination as to the marital property.

■ Neither can we find fault with the court's determination to deny maintenance. Husband and wife were married about 10 years. No children were born of the mar-

riage. Wife had three children by a previous marriage, ages 18, 20 and 22. At the time of trial, they all resided with her, attended school and were employed. In 1980, wife earned gross wages in the amount of $14,700.00 as a teacher at Meramec Community College. She instructed dental assistants and did not have to work in the summer. Husband's gross income in 1980 exceeded $34,000.00.

Section 452.335 provides:

[T]he court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Here we find that the evidence when applied to the above statute, supports the trial court's determination to grant no maintenance to the wife.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.