**MAY CENTERS, INC.,**
**Plaintiff-Appellant,**

v.

**Samuel D. DEDNAM,**
**Defendant-Respondent.**

**No. 45223.**

Missouri Court of Appeals,
Eastern District, Division Two.

Feb. 1, 1983.

Robert F. Wiegert, Kopsky, Doster & Hughes, Chesterfield, for plaintiff-appellant.

Gerald Cohen, St. Louis, for defendant-respondent.

DOWD, Judge.

Appeal from an order sustaining respondent's refusal to answer questions posed at an examination of judgment debtor hearing held pursuant to § 513.380 RSMo 1978. Affirmed.

On December 9, 1981 a judgment debtor examination was held and concluded wherein the judgment debtor (hereinafter Dednam) answered one question identifying himself and then refused to answer all subsequent questions by invoking his privilege against self-incrimination.

 In the case of *State ex rel. Shapiro Realty and Investment Co. v. Cloyd,* 615 S.W.2d 41, 46 (Mo. banc 1981) the Supreme Court en banc held that once a witness claims the privilege against self-incrimination a rebuttable presumption arises that the witness' answer might tend to incriminate him. This presumption can only be rebutted by a demonstration by the parties seeking the answer that the response cannot possibly have a tendency to incriminate. V.A.M.S.Const. Art. 1, § 19. Relying on *Cantor v. Saitz,* 562 S.W.2d 774 (Mo.App. 1978) appellant argues that neither Dednam nor his counsel described a rational basis on which his answers could possibly incriminate him. However, the requirement of a rational basis for a refusal to answer was clearly rejected by *Shapiro.* Accordingly, appellant's attempt to place the burden of proving a tendency to incriminate on the respondent Dednam does not accurately state the law. It was appellant's burden to offer proof and rebut the presumption. Here appellant did not sustain this burden. There is nothing in the record to support appellant's contention that it made a sufficient demonstration that Dednam's answers could not possibly tend to incriminate him.

Appellant in essence also argues and is correct in that the court in *Shapiro* placed a heavy burden on judgment creditors and that such a burden could lead to an abuse of the privilege against self-incrimination, when the judgment debtor is in a much better position to assess whether any answers would actually tend to incriminate him. Nevertheless we are bound by *Shapiro's* mandate and here we have no demonstration of any kind by the appellant which could lead us to believe Dednam's answers would not have been incriminating. Appellant's single statement that Dednam had given no basis for invoking the privilege is clearly insufficient under the present law and the trial court was correct in sustaining Dednam's refusal to answer.

The judgment is affirmed.

SNYDER, P.J., and GAERTNER, J., concur.