**STATE of Missouri, ex rel. John FLYNN, Relator,**

v.

**Honorable Charles SCHROEDER, Judge of the Circuit Court of St. Charles County, Missouri, Division 1, Respondent.**

No. 47477.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 25, 1983.

Michael T. Londoff, St. Charles, for relator.

Charles E. Bridges, St. Charles, for respondent.

KAROHL, Presiding Judge.

Relator, John Flynn, a deposition witness subpoenaed by Frank Termine, a defendant below, petitions for a writ of prohibition against respondent, who, on July 1, 1983, ordered relator to answer deposition questions in the civil case *Herndon v. Termine and Southwestern Bell Co.*, No. CV181–3887CC, in St. Charles County Circuit Court.

On May 5, 1983, relator appeared at a deposition at Termine's request. After giving his name and address, relator invoked his privilege against self-incrimination to every question he was asked. Relator was not a witness to the events which were the subject matter of the civil claim for damages. Some of the questions asked were where he worked, if he knew the plaintiff or Termine, and what the plaintiff had told him about her pending lawsuit and the legitimacy of her claim. Relator was also questioned about a vacation plaintiff had taken and whether he had accompanied her. Termine filed a motion to compel relator to answer the deposition questions, and on July 1, 1983 the trial judge granted the motion.

Respondent admits relator, as a non-party, has no remedy by appeal or otherwise. Prohibition is not a writ of right and issues at the discretion of the court petitioned. *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186, 188 (Mo. banc 1977). A writ of prohibition will lie to keep a court from acting without, or in excess of, its jurisdiction. *Id.*

The privilege against self-incrimination is secured by the Missouri Constitution in Article I, Section 19, and the Fifth Amendment of the United States Constitu-

tion.[1] This court recently held in *May Centers, Inc. v. Dednam,* 646 S.W.2d 906, 906 (Mo.App.1983), that once a witness claims the privilege the burden is on the questioner to rebut the presumption that the answer might tend to incriminate the witness. The court can only compel an answer where it finds as a matter of law that the response could not possibly have a tendency to incriminate. *State ex rel. Lee v. Cavanaugh,* 419 S.W.2d 929, 934 (Mo.App.1967). Further, because "[t]he danger of self-incrimination becomes ever more present with each word of the explanation, and the protection guaranteed is thereby undermined," *Cantor v. Saitz,* 562 S.W.2d 774, 778 (Mo.App.1978), "the privilege extends not only to refusing to answer the question asked, but to refusing to explain how the answer might incriminate the witness." *State ex rel. Lee v. Cavanaugh,* 419 S.W.2d 929, 934 (Mo.App.1967); *see State ex rel. Shapiro Realty and Investment Co. v. Cloyd,* 615 S.W.2d 41 (Mo. banc 1981).

■ Respondent claims that relator's answers to the questions asked could not possibly have tended to incriminate relator. The privilege against self-incrimination is not limited to situations where an answer would completely reveal guilt of a crime. *State ex rel. Lee v. Cavanaugh,* 419 S.W.2d at 933. It extends to questions whose answers might disclose facts which could be a link in a chain of evidence connecting the witness to a crime. *Id.*

■ We hold that the interrogator not only failed to meet the burden of proving that the answers sought could not possibly incriminate the witness, but, in fact, could not make such proof. Relator was asked, e.g., "Mr. Flynn, where are you employed, sir?" We have no reason to believe that the answer to that question would indicate criminal activity, but the occupation of some persons does involve illegality. *Hoffman v. United States,* 341 U.S. 479, 487–88, 71 S.Ct. 814, 819, 95 L.Ed. 1118, 1125 (1951). Relator was also asked about activities of the plaintiff below, the legitimacy of her lawsuit, and the relationship between relator and plaintiff. Although only relator can know what his answers would have been, *State ex rel. Caloia v. Weinstein,* 525 S.W.2d 779, 780–81 (Mo.App.1975), it is possible to imagine a scenario where incriminating evidence would be revealed by answering these questions, e.g., evidence of fraud, conspiracy, or whatever. The respondent cannot and the court cannot say as a matter of law that it would be impossible for the answers sought to tend to incriminate the witness. *See Hoffman v. United States,* 341 U.S. at 487–89, 71 S.Ct. at 819, 95 L.Ed. at 1125; *United States v. Burr,* 25 Fed.Cas. 38, 40, 1 Burr's Trial 244 (C.C.D.Va.1807) (No. 14,698e) (Marshall, C.J.). Respondent was without jurisdiction to order relator to answer the deposition questions.

The preliminary writ of prohibition is made absolute against enforcement of respondent's order that relator answer the deposition questions.

KELLY and GAERTNER, JJ., concur.

---

1. For purposes of this petition we need only consider the privilege as guaranteed by the

Missouri Constitution.