STATE of Missouri, ex rel. Kimberly TAYLOR, Relator,

v.

Honorable Drew LUTEN, Judge of the Circuit Court of St. Louis County, Missouri, 21st Judicial Circuit, Respondent.

No. 51008.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 20, 1986.

Linda Hahn, St. Louis, for relator.

Donald L. Schlapprizzi, St. Louis, for respondent.

### ORIGINAL PROCEEDING FOR WRIT OF PROHIBITION

KAROHL, Judge.

This is an original proceeding in prohibition. Rule 97; § 530.010 et seq. RSMo 1978. Relator alleges that respondent circuit judge exceeded his jurisdiction in making the following order:

Plaintiff's motions to strike defendant's pleading and for protective order heard and sustained.

It is ordered that defendant's pleadings are stricken and defendant may not testify at trial, unless defendant produces herself for deposition to answer questions relevant to the issues in this case within thirty (30) days.

Respondent entered the order in the case *Hegg v. Taylor,* wherein plaintiff stated a cause of action against relator for personal

injuries and property damages resulting from an automobile collision which occurred on January 7, 1984. Plaintiff Hegg alleged that his motor vehicle was struck and collided with by a vehicle operated by relator who drove at an excessive rate of speed, drove on the wrong side of the road, fell asleep at the wheel, failed to stop her vehicle, slacken the speed thereof or swerve. Relator was subsequently arrested and charged with leaving the scene of the accident in violation of § 577.060 RSMo 1978. Relator's answer to the petition and amended petitions deny liability and aver that plaintiff's own carelessness and negligence caused or contributed to cause the injuries and plaintiff's recovery should be proportionately diminished. No counterclaim was filed.

Relator appeared at a scheduled deposition and on advice of counsel refused to answer any questions during the deposition concerning her involvement in the accident with plaintiff Hegg. At the time of the scheduled deposition there was no active prosecution of criminal charges but the prosecuting attorney's office had advised that it could and may reinstate the charges at a later date.

■ The privilege against self-incrimination is secured by Article I, § 19 of the Missouri Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. This privilege exists regardless of whether or not a criminal charge is currently pending. *State of Missouri ex rel. Hudson v. Webber,* 600 S.W.2d 691, 693 (Mo.App.1980). We have held that the protection applies when a witness claims privilege against self-incrimination during a deposition. *State ex rel. Flynn v. Schroeder,* 660 S.W.2d 435, 436 (Mo.App.1983). The facts obviously show that answers which may incriminate relator would be potentially involved in the deposition mandated by the order of respondent under the penalty of a default judgment. There is no issue that the privilege was asserted in a posture indicating bad faith.

■ A writ of prohibition will lie to determine whether a circuit court exceeds its jurisdiction in ordering pleadings stricken for failure to answer questions at a deposition in reliance upon the privilege against self-incrimination. *State ex rel. Pulliam v. Swink,* 514 S.W.2d 559 (Mo. banc 1974). The opinion in *Pulliam* would have been decisive prior to *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc. 1983). *Swink* held that where a defendant seeks no affirmative relief and, and in good faith, timely raises the constitutional privilege the trial court will exceed its jurisdiction if it enters an order striking pleadings based on the assertion of the privilege. The issue in the present case is whether a pleading, which avers that a plaintiff in a personal injury action was negligent and that negligence caused or contributed to cause the injuries so that recovery should be proportionately diminished, is a claim of affirmative relief. If it is, then relator is not entitled to the relief here sought and the order of respondent was within the court's jurisdiction. If it is not, then we are bound by the decision in *Pulliam.*

■ We conclude that the averment of comparative negligence is not a claim for affirmative relief and make our preliminary writ absolute.

Rule 55.05 provides that a pleading shall set forth a claim for relief in an original claim, counterclaim, cross-claim or third party claim. The assertion of the defense of comparative negligence does not fit in any category within this rule.

The assertion of comparative negligence is more in the nature of a defense than a claim for affirmative relief. Rule 55.08 describes contributory negligence as an affirmative defense. The doctrine of comparative negligence is an extension of the defense of contributory negligence and modifies its effect to limit the extent of plaintiff's claim. An assertion of that defense merely joins an issue on the nature and extent of the plaintiff's claim for relief. A finding by the jury of negligence by both parties and a finding of the comparison creates a limitation on plaintiff's recovery. This may be a benefit to defendant, but that results from a determination of the value of plaintiff's claim and not from an

**908**

assertion of the defendant wherein defendant instigates the proceeding to determine, protect or value its own rights. A defendant who asserts that the plaintiff was negligent and entitled to recover only on the basis of a comparison between the negligence of the parties remains an involuntary participant in the proceeding. This was a significant factor in *State ex rel. Pulliam v. Swink*, 514 S.W.2d at 561.

 We are not persuaded that relator has waived her claim to the privilege. She made statements to police officers and answered certain interrogatories. Neither the statements nor the interrogatory answers relate to whether she operated her motor vehicle and left the scene of the collision. The privilege protects against a person being compelled to *testify* against himself. *State ex rel. Howard v. Allison*, 431 S.W.2d 233, 235 (Mo.App.1968). Any statements made to the police officers and any answers to interrogatories may be admissible if introduced in proper form but do not constitute a waiver of the privilege because they did not ask or answer whether she was a driver who left the scene of an accident.

We also find a distinction between the assertion of comparative negligence and a claim for indemnity or contribution from a co-defendant. Respondent's reliance on the comparison is misplaced. The assertion of a right to indemnity or contribution would occur only in a counterclaim, cross-claim or third party claim which constitutes a request for affirmative relief.

We find that the averment invoking the doctrine of comparative negligence is an affirmative defense, not a claim for affirmative relief; that relator was entitled to assert her constitutional privilege against self-incrimination and that the respondent exceeded its jurisdiction in ordering her pleadings stricken for failure to appear and answer questions at a deposition. We make our preliminary writ absolute on that issue only. The respondent did not exceed its jurisdiction in that part of its proposed order that defendant may not testify at trial unless she produces herself for deposi-

tion and answers questions relevant to the issues in the lawsuit.

Preliminary writ made absolute.

KELLY, P.J., and CARL R. GAERTNER, J., concur.