Nancy Jo DODSON, Respondent,

v.

Charles Keith DODSON, Appellant.

No. WD 46738.

Missouri Court of Appeals,
Western District.

May 4, 1993.

Rehearing Denied June 29, 1993.

Roy W. Brown, Kearney, for appellant.

David D. Lodwick, Excelsior Springs, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Charles Keith Dodson (Keith), appeals the judgment of the trial court which determined that he was not entitled to affirmative relief, by way of award of marital property, in the cause for dissolution of his marriage from respondent, Nancy Jo Dodson (Nancy).

Nancy was the petitioner at trial having filed the underlying action for dissolution in May of 1991. In the course of the dissolution proceeding, Nancy served interrogatories on Keith. In her interrogatories, Nancy requested information from Keith in regard to extra-marital affairs by Keith. Keith refused to answer the interrogatories inquiring of his extra-marital affairs invoking his constitutional rights under the Fifth Amendment, and maintained this position throughout the course of the proceeding.

When Keith attempted to testify at trial of the cause herein, Nancy objected to any testimony from Keith seeking affirmative relief, for the reason that Keith had refused to answer her interrogatories claiming his Fifth Amendment privilege. The court took Nancy's objection with the case and ruled in its judgment dissolving the marriage and dividing the marital property that because of Keith's refusal to answer Nancy's interrogatories the court was "without discretion to grant affirmative relief in favor of Respondent, as to marital property division, excepting however, as to those items consented by Petitioner to be granted to Respondent."

In other words, the trial court held that as a matter of law the court did not have discretion to award marital property to Keith except as agreed to by Nancy because of Keith's refusal to answer interrogatories claiming his Fifth Amendment privilege. In his sole point on appeal, Keith argues that the trial court erred by so holding.

On appeal of a court-tried case, an appellate court will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it

erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Although a party has the right to take the Fifth Amendment against self incrimination in a civil case, the right is not without its price. Where a party takes the Fifth Amendment in a dissolution action and thereby conceals pertinent information, the party is not entitled to affirmative relief when timely objection is made. *Sparks v. Sparks*, 768 S.W.2d 563, 565 (Mo.App.), *cert. denied*, 493 U.S. 957, 110 S.Ct. 372, 107 L.Ed.2d 358 (1989). Furthermore, whether asserted by the petitioner or the respondent, invocation of the Fifth Amendment privilege will, in most cases, require some form of judicial response of a remedial nature to eliminate any undue advantage which might flow from the ability to conceal pertinent evidence. *Id.* 768 S.W.2d at 567. In this regard, the trial court is vested with discretion in fashioning an appropriate remedy to prevent unfairness and disadvantage from the concealment of pertinent information. *Id.* at 567.

However, where the respondent in a dissolution action invokes the Fifth Amendment and the court is proceeding on the petitioner's petition, the court is nonetheless required by section 452.330, RSMo Supp.1992, to divide the marital property. Under these circumstances, the fact that the court makes an award of marital property to the respondent does not constitute affirmative relief to him. *Satterfield v. Satterfield*, 635 S.W.2d 80, 81 (Mo.App. 1982). Therefore, in the case at bar, the trial court misinterpreted the law by holding that it was without discretion to award Keith marital property except as agreed to by Nancy.

This cause is remanded for the trial court to exercise its discretion and divide the marital property. In this regard, it is noted that the trial court has great flexibility and far reaching power in dividing marital property, and there is no formula respecting the weight to be given the factors required to be considered under section 452.330, RSMo Supp.1992. *In re Marriage of Gourley*, 811 S.W.2d 13, 20 (Mo.App.1991). A just division of marital property considering all of the relevant factors is required but an equal division is not. *Id.* An appellate court will only interfere with the considerable discretion of the trial court in dividing marital property if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984).

In fashioning its remedy in a dissolution action for the respondent's refusing to answer questions relating to marital misconduct on the basis that the answers would tend to incriminate him, the court is entitled to believe that the respondent's answers would reflect serious and egregious misconduct that is not only immoral, but also illegal. Accordingly, the court is entitled to consider a disproportionate distribution of marital property on the basis of the testimony presented and also on the basis of the questions asked that the respondent refused to answer.

Since the trial court misinterpreted the law, the judgment is reversed and this cause is remanded for the trial court to divide the marital property on the basis of the evidence presented and further, on the basis of Keith's refusal to answer the questions relating to his marital misconduct.

All concur.