**CITY OF WARRENTON,
Plaintiff–Respondent,**

v.

**Kenneth Fredrick PICKENS,
Defendant–Appellant.**

**No. 66031.**

Missouri Court of Appeals,
Eastern District.

Sept. 26, 1995.

**412**

Lee Reneau Elliott, Troy, for appellant.

Darryl L. Hicks, Warrenton, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The plaintiff city brought an action to enjoin the defendant from using property at 905 Niehuss Avenue in the city for a motor vehicle body repair shop, for motor vehicle sales, for motor vehicle tire sales, and for processing firewood, in violation of the zoning ordinances of the City of Warrenton. The trial court granted the injunction as prayed.

■ The defendant, by failing to respond to the city's Rule 59 requests for admission, is held to have admitted the requests for purposes of the action. His attempt to avoid the consequences of failure to respond by asserting that some of the requests call for legal conclusions is unavailing. The present Rule 59.01(a) refers expressly to the general provisions governing discovery in Rule 56.01(b) and expressly permits requests "that relate to ... the application of law to fact...." The purpose of requests for admission is to determine which issues are generally disputed, and one who fails to respond takes a substantial risk.

These admissions, then, establish the facts stated in the petition, and the only remaining issue has to do with an affirmative defense stated in the answer as follows: "... the premises in question have been used for their present purposes since the date of any applicable zoning ordinance and hence are 'grandfathered'...."

The answer goes on to state that failure to recognize the "preexisting use" would violate state and federal constitutional provisions. We conclude that the defendant has failed to establish the essential elements of the pleaded affirmative defense, and that the judgment should be affirmed.

■ The defendant, in his first point, alleges that the trial court erred in not allowing him to testify as to certain matters deemed essential to his case because he had claimed a fifth amendment privilege against self-incrimination when his deposition was taken. At the time of the trial he was being prosecuted by the city for violation of the same zoning ordinance that the plaintiff relies on. Inasmuch as imprisonment is one of the possible sanctions for violation of the ordinance in question, we shall assume for present purposes that the fifth amendment privilege can be appropriately claimed in a municipal ordinance prosecution, even though some cases hold that the proceeding is not "criminal." The trial judge held that the defendant could not give evidence at the trial which he had refused to produce in discovery proceedings. The defendant claims that the exclusion was too broad, citing *State ex rel. Pulliam v. Swink,* 514 S.W.2d 559, 561 (Mo. banc 1974), and that he should be allowed to testify as to matters not related to his present use of the property, which is the sole matter as to which he claimed his fifth amendment privilege. We need not probe this contention in depth, because the defendant did not make an offer of proof showing that the trial court's ruling deprived him of available evidence in support of his defense.

He was allowed to testify that in 1982 he had worked for Moore Enterprises, which commenced the operation of an automobile business on the property in July of 1982. He had every opportunity to augment his offer of proof, but did not do so. He has failed to demonstrate, therefore, that he was prejudiced by the exclusion of his further testimony.

The defendant complains in a second point that he was denied the opportunity to straighten out the confusion allegedly demonstrated during the cross-examination of his witness, Solomon Wang, who was his lessor. The court rejected his attempts to rehabilitate the witness by leading questions, and sustained objections to some of his questions on the ground of repetition. Wang acquired the property in 1985 or 1986. He had been familiar with it for about ten years at the time of the trial in March of 1994. Inasmuch as the defendant had the burden of showing that a nonconforming use existed at the time of the enactment of the zoning ordinance on April 6, 1982, Wang's testimony about his first tenant after he acquired the property several years later would not aid in establishing the affirmative defense. There was no offer of proof to demonstrate that Wang could give additional and helpful testimony.

The defendant has the burden of establishing error. There is simply no evidence about how the property was being used on April 6, 1982. The only evidence touching that year came from the defendant, and had to do with an operation beginning in July of 1982. His testimony is indefinite as to the use being made, and the court would not be obliged to assume that Moore's use was a continuation of a use being made at the time the ordinance became effective. The defendant's testimony about use of the property prior to 1982 is fragmentary, and the trial court might consider it insufficient to sustain his burden of proof of the affirmative defense. There is also no firm testimony about the use of the property after Moore's operations ceased. The defendant has failed to exclude the possibility that the property was not used for an automobile related business for three consecutive years before it was first leased by Wang, in which event the right to continue a nonconforming use would be lost. The record does not establish the affirmative defense as a matter of law, and the trial court did not have to accept the defendant's rather skimpy evidence as to prior use.

The defendant also complains about the simultaneous prosecution of a civil action and a criminal, or quasi-criminal, ordinance violation. The method of prosecution is within the discretion of the city authorities. The fifth amendment privilege could be claimed whether or not there was a pending prosecution for ordinance violation, because such a prosecution was a distinct possibility. *Sparks v. Sparks,* 768 S.W.2d 563, 565 (Mo. App.1989). The defendant fails to demonstrate that he is aggrieved by the simultaneous maintenance of the two actions.

The defendant hints at other arguments, such as selective prosecution and the granting by the city of a license to conduct his business. Neither of these contentions was appropriately presented to us as a point relied on, nor was authority cited in support. We are unwilling to depart from the regular standards of appellate practice by reviewing claims neither clearly delineated nor properly presented. *Boyer v. Grandview Manor Care Center, Inc.,* 793 S.W.2d 346, 347 (Mo. banc 1990).

The judgment is affirmed.

DOWD, P.J., and TURNAGE, Senior Judge, concur.