**VELDA CITY, Missouri, Respondent,**

v.

**Lottie Mae WILLIAMS, Appellant.**

**No. ED 77832.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 3, 2001.

Ryan S. Shaughnessy, Shaughnessy Law Firm, P.C., Clayton, MO, for appellant.

J. Patrick Chassaing, Paul E. Martin, Curtis, Oetting Heinz, Garrett & Soule P.C., Clayton, MO, for respondent.

JAMES R. DOWD, Judge.

Lottie Mae Williams appeals a summary judgment entered in favor of Velda City after the trial court struck her affirmative defenses because Williams asserted her Fifth Amendment privilege against self incrimination during a deposition. We reverse and remand, with instructions to reinstate her affirmative defenses and allow the case to proceed on the merits.

Williams was elected to a four year term as mayor of Velda City on April 6, 1993. At the time of her election, Velda City provided no salary for the mayor, only an annual $9,000 expense account.[1] During Williams' second year in office, Velda City passed ordinance no. 473, which authorized the payment of a $20,000 salary to the mayor.[2]

Williams' term expired on April 10, 1997. On September 8, 1999, more than two years later, Velda City filed suit against her to recover money the city alleged was salary. They argued that Ordinance No. 473 violated Article VII, section 13 of the Missouri Constitution. That article states: "the compensation of state, county and municipal officers shall not be increased during the term of office, nor shall the term of any officer be extended."

Williams' filed an answer containing five affirmative defenses. These defenses aver that Williams is not liable to Velda City

---

1. Velda City Ordinance No. 437 reads, in part:

    (M) Any person who shall be elected as mayor shall serve without salary but shall receive expense allowance in accordance with city ordinance number 211, payable monthly, and shall be subject to the amount as set annual (sic) by the Board of Alderman in the budget.

2. Velda City Ordinance No. 473 reads, in part:

    AN ORDINANCE PROVIDING FOR A MANAGEMENT ELECTION, IMPOSING DUTIES AND ESTABLISHING SALARIES FOR THE MAYOR AND ALDERPERSONS OF VELDA CITY MISSOURI.

    . . .

    Section 6. *Salary Amounts fixed until changed and establishing date of payment.* The amount of the salary fixed by the Board of Alderman for payment to the mayor is presently fixed at Twenty Thousand Dollars ($20,000.00) annually, and the amount payable to alderpersons shall be Three Thousand Six Hundred Dollars ($3,600.00) annually.

because: (1) the board of alderman has a right to set the salary for an elected official where no salary has been set before, (2) Williams accepted the salary in good faith based on the recommendation of the city attorney, (3) the city is collaterally estopped from disputing the validity of the salary ordinance, (4) the Mayor has a right to receive an increased salary when new duties are imposed and (5) the claim is barred by the applicable statute of limitations.

Counsel for Velda City deposed Williams on January 21, 1999. Williams voluntarily appeared for her deposition, provided her name, address and date of birth and then invoked her constitutional right and privilege against self incrimination under the Fifth Amendment of the United States Constitution and refused to answer any further questions.

Williams moved for summary judgment on May 20, 1999. The trial court denied her motion, and then entered an order, sua sponte, striking her affirmative defenses. The court stated that Williams' reliance upon the Fifth Amendment mandated that "all affirmative relief must be denied, and Defendant Williams' affirmative defenses stricken."

On November 3, 1999, Velda City moved for summary judgment. Williams alleged that there still remained disputed issues of material fact, making summary judgment improper. Velda City moved to strike the reply because it essentially reiterated Williams' previously stricken affirmative defenses. The trial court granted Velda City's motion, struck several paragraphs from Williams' reply and then granted Velda City's motion for summary judgment. Williams appeals.

■ When considering an appeal from the grant of summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* "The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. Summary judgment tests simply for the existence, not the extent, of these genuine disputes." *Id.* at 378. Because the propriety of summary judgment is purely an issue of law, our review is de novo. *Id.* at 376.

■ In her first point of error, Williams argues that the trial court erred in striking her affirmative defenses. She claims that a trial court lacks jurisdiction to strike an affirmative defense when a defendant invokes the Fifth Amendment in good faith and without any request for affirmative relief.

In *Pulliam v. Swink*, 514 S.W.2d 559, 560 (Mo. banc 1974) the Missouri Supreme Court clarified a trial court's power over a defendant who invokes the right to remain silent as guaranteed by the Fifth Amendment. The *Pulliam* court adopted a two prong test. First, a party must invoke the privilege against self incrimination in good faith and second, the party must not seek affirmative relief from the court. If both predicates exist, the court is without jurisdiction to strike a defendant's answer. *Id.* The Missouri Supreme Court explained the policy behind this test as follows:

> It is not unfair to preclude one who invokes the assistance of the courts from recovery when he refuses to produce evidence peculiarly within his knowledge pertinent to his right to recover. It is something else entirely to require one who is in court involuntarily to elect between his constitutional privilege and

the automatic entry of judgment against him. Plaintiff has the burden of establishing her fight of recovery and to shift or eliminate that burden because the defendant asserts his constitutional privilege is to penalize a defendant for invoking his rights. A court lacks jurisdiction to require defendant to make such an election.

*Pulliam,* 514 S.W.2d at 561.

In *Lieberman v. Goldman,* 781 S.W.2d 802 (Mo.App. E.D.1989) this court applied the principles annunciated in *Pulliam* to the striking of affirmative defenses. There the plaintiff accused the defendants of conspiring to defraud him in a real estate transaction. The defendants asserted an affirmative defense but also invoked their fifth amendment privilege against self incrimination and refused to answer plaintiff's interrogatories. Upon plaintiff's motion, the trial court struck the affirmative defense. In issuing our writ of prohibition we held that the Fifth Amendment to the United States Constitution, as interpreted in *Pulliam,* deprived a court of jurisdiction to punish a party for asserting a constitutionally protected privilege and therefore the court could not strike a defendant's affirmative defense if the Fifth Amendment was invoked in good faith, and without request for affirmative relief. *Id.* at 804–07.

■ Here, respondent does not argue that Ms. Williams invoked her Fifth Amendment privilege in bad faith. She appeared at her deposition voluntarily, asserted her right against self incrimination in a timely manner, and did not otherwise abuse discovery procedures. Furthermore, Williams' did not seek affirmative relief Affirmative relief is "relief sought by a defendant by raising a counterclaim or a cross-claim *that could have been maintained independently of the plaintiff's action.*" BLACKS LAW DICTIONARY 1293 (7th ed.1999) (emphasis added). Here,

Williams' affirmative defenses sought only to avoid liability on Velda City's claim, and consequently they could not have been raised independent of Velda City's initial action. Her defenses sought avoidance, not affirmative relief.

While not cited in its brief, Velda City claimed at oral argument that *Dodson v. Dodson,* 855 S.W.2d 383 (Mo.App. W.D. 1993) grants authority to strike appellant's affirmative defenses because she asserted her Fifth Amendment rights. In *Dodson,* husband refused to answer interrogatories pertaining to his extra-marital affairs on Fifth Amendment grounds and the court still allowed him to request a share of the marital estate. *Dodson* is not favorable to Velda City's position, but is relevant only in that it lends support to Williams' argument. Point denied.

■ Finally, Velda City argues the order striking Williams' defenses is irrelevant because the order granting summary judgment to it was proper. This argument misapprehends the nature of an affirmative defense. An affirmative defense is "a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecutor's claim, even if all the allegations in the complaint are true." BLACKS LAW DICTIONARY 430 (7th ed.1999). A successful affirmative defense would defeat Velda City's claim even if, absent the defense, it is entitled to summary judgment.

The trial court erred in striking Appellant's affirmative defenses. Ms. Williams' affirmative defenses are to be reinstated and the case remanded for further proceedings consistent with this opinion.

AHRENS, P.J., and CRANDALL, Jr., J., concur.